JUSTICE v: EMPIRE STATE SURETY CO.

(District Court, E. D. Pennsylvania.   November 25, 1913.)

No. 1,356.

**1.** PRINCIPAL AND SURETY (§ 59*)—CONTRACT—CONSTRUCTION—PAID SURETY—STRICTISSIMI JURIS.

The rule of strictissimi juris, applicable to relieve an individual voluntary surety, is inapplicable to relieve a ·paid surety.

. [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½ ;  Dec. Dig. § 59.*]

**2.** PRINCIPAL ·AND SURETY (§ 97*)—PAID SURETY—DISCHARGE—CONTRACT—MATERIAL VARIANCE.

A paid surety company can be relieved from its obligation only where a departure from the contract is shown to be a material variance.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 146–168 ;  Dec. Dig. § 97.*]

**3.** PRINCIPAL AND SURETY (§ 100*) — BUILDER'S CONTRACT — DISCHARGE ·OF SURETY—VARIANCE—FAILURE TO RETAIN FUNDS.

The bond of a paid surety company for a building contractor provided that the owner should make specified payments during progress of the work and should retain not less than 10 per cent. of all payments for work performed and materials furnished until complete performance by the principal. Instead, the owner, at the time of the contractor's default, had paid $2,000 more than the advance payments provided for by the contract, and had not deducted 10 per cent. from any payment. *Held,* that such provision of the bond was for the indemnity and benefit of the surety, as well as the owner, and the latter's failure to comply therewith constituted a material variance, which relieved the surety from liability, without proof of actual injury therefrom.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 162–165 ;  Dec. Dig. § 100.*] ·

At Law.   Action by George L. Justice against the Empire State Surety Company.   On motion for new trial.   Denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Sydney Young and William W. Montgomery, Jr., both of Philadelphia, Pa., for plaintiff.

Hepburn, Carr & Krauss, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff brought suit against the defendant, a surety company, to recover the sum of $5,047.83 upon a bond entered into by the defendant, as surety, and Francis T. Maguire, as principal, with the plaintiff, conditioned that Maguire, as contractor, should fully perform his contract with the plaintiff for the erection of a house and barn. The contract provided that the total price for the work and material was to be $14,484 for the house and $3,750 for the barn. The contract provided for payments of certain sums to the contractor upon certificates of the architects at specified stages in the progress of work. Upon the house five payments, aggregating $10,200, were to be made during the progress of the work, and upon the barn one payment of $1,500, the balance to be paid when the contract was completed. The bond was in the sum of $10,950, and provided, inter alia:

"Second. That the obligee shall retain not less than 10 per centum of all payments for work performed and materials furnished in the performance of said contract, until the complete performance by said principal of all the terms, covenants, and conditions thereof, on said principal's part to be performed."

It appeared at the trial that the plaintiff had made the payments provided for during the progress of the work and an additional payment of $2,000 to the contractor in excess of the amounts specified in the contract, all upon certificates of the architect, and had not deducted 10 per cent. from the amount of any payment. The plaintiff, therefore, had paid the contractor $13,700 before the contractor defaulted in his contract, which was $3,170 in excess of the payments due under the terms of the contract and bond. The plaintiff thereupon completed the work at a cost to him of $621.03, and paid $7,789.99 to clear the property of liens which had been filed by materialmen and subcontractors. He claimed for those amounts, together with the amounts of undetermined liens, $920.81, and counsel fees in contesting the liens, $250, making a total of $9,581.83, less the amount due the contractor at the time of default, $4,534, making his total claim $5,047.83. At the close of the plaintiff's evidence, counsel for the defendant moved for binding instructions upon the ground that the plaintiff had materially varied the terms of the contract by anticipating payments and by failure to deduct from each payment 10 per cent. provided for by the bond. The jury was accordingly directed to return a verdict for the defendant.

In the case of Prairie State Bank v. United States, 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412, Mr. Justice White, in delivering the opinion of the court, said:

"That a stipulation in a building contract for the retention, until the completion of the work, of a certain portion of the consideration, is as much for the indemnity of him who may be guarantor of the performance of the work as for him for whom the work is to be performed. that it raises an equity in the surety in the fund to be created, and that a disregard of such stipulation by the voluntary act of the creditor operates to release the sureties, is amply sustained by authority."

The Circuit Court of Appeals in this circuit, in the case of Fidelity & Deposit Co. v. Agnew, 152 Fed. 955, 82 C. C. A. 103, following the rule in Prairie State Bank v. United States, said:

"The provision in a building or working contract that the contractor or builder shall be paid as the work progresses according to the amount of materials furnished or ·work performed, upon estimates to be made by the supervising architect or engineer, whether a percentage is to be retained therefrom until the whole is done or not, redounds to the benefit of a surety or guarantor of the party who is to fulfill the contract; and upon payment being made in disregard of it there is such a departure from the contract upon which the undertaking of the surety or guarantor is based that he is released. The purpose of such a stipulation is to guard against the consequences of a default, in case the principal contract proves a losing one, or the contracting party for any reason fails to comply, the percentage retained, where that is provided for, affording additional security, as well as holding out an incentive; and when it is not observed, and advance or overpayments are made, it is so obviously to the prejudice of the surety that it operates as a discharge as matter of law."

[1] Counsel for plaintiff concedes that the rule of strictissimi juris is applicable in relief of an individual voluntary surety, but insists that it is inapplicable to relieve a paid surety on a contractor's bond, but actual damage must be proved at the trial. While the question as to whether the rule applies to a paid surety company does not appear to have been raised in the case of Fidelity & Deposit Co. v. Agnew, it is apparent that the defendant was such a surety company. In discussing that question in the case of Guaranty Co. v. Pressed Brick Co., 191 U. S. 422, 24 Sup. Ct. 143, 48 L. Ed. 242, Mr. Justice Brown said:

"Counsel for the Brick Company argued with much persuasiveness that this rule of strictissimi juris, though universally accepted as applicable to the undertaking of an ordinary guarantor, who is usually moved to lend his signature by motives of friendship or expectation of reciprocity, and without pecuniary consideration, has no application to the guaranty companies, recently created, which undertake, upon the payment of a stipulated compensation and as a strictly business enterprise, to indemnify or insure the obligee in the bond against any failure of the obligor to perform his contract. It is, at least, open to doubt, however, whether any relaxation of the rule should be permitted as between the obligee and the guarantor, which may have signed the guaranty in reliance upon the rule of strictissimi juris, and with the understanding that it is entitled to the ordinary protection accorded to guarantors against changes in the contract or extensions of the time of payment."

In that case, in which the breach consisted in an extension of time for payment to subcontractors, the court said:

"Not knowing when or by whom these materials will be supplied, or when the bills for them will mature, it can make no difference to him whether they were originally purchased on a credit of 60 days, or whether, after the materials are furnished, the time for payment is extended 60 days, and a note given for the amount maturing at that time. If a person deliberately contracts for an uncertain liability, he ought not to complain when that uncertainty becomes certain. * * * The rule of strictissimi juris is a stringent one, and is liable at times to work a practical injustice. It is one which ought not to be extended to contracts not within the reason of the rule, particularly when the bond is underwritten by a corporation, which has undertaken for a profit to insure the obligee against a failure of performance on the part of the principal obligor. Such a contract should be interpreted liberally in favor of the subcontractor, with a view of furthering the beneficent object of the statute."

[2] The courts generally hold that a paid surety company can be relieved from its obligation of suretyship only where a departure from the contract is shown to be a material variance. Young v. American Bonding Co., 228 Pa. 373, 77 Atl. 623; Philadelphia v. Fidelity & Deposit Co., 231 Pa. 208, 80 Atl. 62, Ann. Cas. 1912B, 1085; Brown v. Title Guarantee & Trust Co., 232 Pa. 337, 81 Atl. 410, 38 L. R. A. (N. S.) 698; United States v. U. S. Fidelity & Guaranty Co. (C. C.) 178 Fed. 721.

[3] After a somewhat careful examination of the cases, I have been unable to find any case in which the relaxation of the rule of strictissimi juris was extended as between the surety and the obligee in the bond to the extent of requiring proof of actual injury in the case of breach of the terms of the bond by anticipation of payments by the obligee to the contractor. In such case, for the reasons stated in Prairie State Bank v. United States and Fidelity Co. v. Agnew, and upon the authorities there cited, anticipation of payments by the obligee is held as a matter of law to be a material variance from the terms of the contract.

My opinion is that there was no error in giving binding instructions, and therefore the motion for new trial is denied.