## Dreifus v. Logan Iron & Steel Co., Appellant.

*Practice, C. P.—Rules—Philadelphia County—Judgment for want of a sufficient affidavit of defense—Rules 42 and 60.*

1. Under rule 42 of the Common Pleas of Philadelphia County, providing that in actions on contract the statement of claim should have endorsed upon it notice to the defendant that he is required to file a plea and an affidavit of defense within fifteen days of the service thereof, the fact that pursuant to such notice defendant files a plea and an affidavit of defense at the same time, does not preclude the plaintiff from taking a judgment for want of a sufficient affidavit of defense. There is nothing voluntary in the act of the plaintiff in such a case in demanding both a plea and an affidavit of defense, and his action in so doing does not constitute a waiver of his rights, and inasmuch as rule 60 provides that the entire and exclusive defense in any case of contract must be set out in the affidavit, the defendant can suffer no harm by reason of judgment being entered for want of a sufficient affidavit of defense, although his plea is also of record.

*Affidavits of defense—Contracts—Express contract—Copies of original entries—Averments—Incorrect copies.*

2. Where in an action on a contract it appears that the plaintiff's right to recover rests upon what may be regarded as an ex-

press contract, an affidavit of defense which does not deny the contract is insufficient, notwithstanding that it contains a denial "that the copies of charges and credits" as set out in the statement of claim and "averred to be copies of the original entries thereof are incorrect and improperly stated."

Argued April 3, 1914. Appeal, No. 394, Jan. T., 1913, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1913, No. 2559, for plaintiff for want of a sufficient affidavit of defense in the case of Emanuel Dreifus, Henry P. Reese and Stanton L. Dreifus, trading as Emanuel Dreifus & Company, to the use of W. Vernon Phillips and Hubert E. Rogers, Trustees, v. Logan Iron & Steel Company, a corporation. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit. Rule for judgment for want of a sufficient affidavit of defense.

The plaintiffs, who are the trustees in bankruptcy of Emanuel Dreifus, sued to recover a balance alleged to be due to their bankrupt for goods delivered to the steel company prior to the bankruptcy, and filed a statement of claim with notice to the defendant to file an affidavit of defense and a plea. The defendant filed a plea, together with an affidavit of defense, with claim of set-off.

The facts appear in the following opinion of WILLSON, P. J.:

We are informed by the counsel in the case that the Supreme Court, to which an appeal from the judgment entered therein has been taken, has requested this court to state the reasons upon which the judgment in the case was entered. We will do so briefly.

The first question to be considered relates to the effect and force of Rule 42 of the Courts of Common Pleas of this county in providing, as the rule does, that in actions on contracts the statement of claim should have endorsed upon it notice to the defendant that he is re-

quired to file a plea and an affidavit of defense to the statement within fifteen days of the service thereof, and that otherwise judgment may be entered against him. In the case in hand such notice was given upon the filing of the statement, and the defendant filed both a plea and an affidavit of defense. Subsequently a rule was entered asking that judgment should be rendered for want of a sufficient affidavit of defense. Such a judgment was entered, notwithstanding the contention on the part of defendant's counsel that in consequence of a plea having been filed the right of the plaintiff to ask for judgment for want of a sufficient affidavit of defense had lapsed.

There is no question but that, previous to the recent adoption of Rule 42, and other rules, the ordinary effect of a plaintiff ruling the defendant to plead would have been a waiver on the plaintiff's part of his right to ask for judgment for want of a sufficient affidavit of defense. We concede freely that such is the fair interpretation of the cases which were decided previous to the adoption of the rule in question. The said rule, however, and various others were recently adopted by the Courts of Common Pleas after long consideration and conference with many attorneys of high standing within the county. They were adopted for the purpose of arriving at a prompt and definite statement of the issues involved in any case, so that as soon as possible litigation might be brought to a finality. By Rule 60 it was provided as follows:

"Neither party shall be permitted at the trial to make any defense except that set forth in the affidavit of defense, or plaintiff's reply, as the case may be. New matter may be added only by amendment by leave of court, and a copy of the amendment shall be served on the adverse party, or his attorney, at least ten days before the day set for trial."

It was thus provided that the entire and exclusive defense in any case of contract must be set out in the

affidavit of defense. This being so, and there appearing to be no doubt that under the Act of June 16, 1836, Section 21, P. L. 784, the court has statutory authority to make suitable rules for the regulation of its practice, we regard the making of Rule 42 as entirely within the powers of the court. We do not think it can be said with any propriety that the rule violates the Constitution or any law of this Commonwealth. Nor do we think that it can be said with any propriety that by the entry by a plaintiff of a notice requiring, under the rule referred to, that a plea and an affidavit of defense shall be filed at the same time, the plaintiff has waived his right to ask for judgment for want of a sufficient affidavit of defense. Under the previous state of affairs, before the rule in question was adopted, any such course on a plaintiff's part would have been a voluntary step which might, for reasons given in various decisions, well have been regarded as a waiver of his right to ask for judgment. As the case stands, however, there is nothing voluntary in the act of the plaintiff in such a case. He is compelled by the requirements of the rule to demand both a plea and an affidavit of defense.

We see no reason why, in the interest of a prompt and efficient administration of justice, the court can not properly require the two forms of defense to be made at the same time, and to enter a final judgment, as was done in the case in hand. Inasmuch as Rule 60, before quoted, requires a defendant to set out his whole defense in his affidavit, he can suffer no harm by reason of judgment being entered for want of a sufficient affidavit of defense, notwithstanding his plea is also on the record.

The only other point in the case which needs to be referred to relates to the propriety of the judgment entered, so far as the merits of the case are concerned. The defendant seems to rely largely upon its averment "that copies of the charges and credits, as the same appear in the plaintiff's statement of claim, and averred to be copies of the original entries thereof, are incorrect

and improperly stated." The averment was probably intended to comply with the requirements of Rule 72 of the Rules of the Courts of Common Pleas, but we do not think that the language adopted comes up to the demands of that rule, which has uniformly been interpreted as making alleged copies of original entries in plaintiff's books prima facie evidence of plaintiff's claim in an action of assumpsit, unless the defendant takes upon himself the responsibility of asserting in his affidavit of defense that the alleged copies are not true copies of the entries in the books. They may be incorrect, not because they are untrue copies, but because they do not correctly set forth the facts of a transaction. However, we do not think the case rests upon such a narrow or technical point. The case of the plaintiff, as appears from the large number of exhibits attached to the statement of claim, rests upon what may be regarded as an express contract, and one which could not be established by the production of copies of entries in books of original entries. The contract and dealings, as evidenced by the writings and exhibits just referred to, are nowhere denied by the defendant in its affidavit of defense. All the items of credit claimed by the defendant and all the items of charge denied by him were deducted from the total amount of the plaintiff's claim in the entry of judgment, and these disputed items remain for final determination in a trial before a jury.

The court entered the following judgment:

"And now, to wit, December 15, 1913, the plaintiffs' rule for judgment in the above case for such portions of their claims as to which the affidavit of defense filed is insufficient with leave to proceed for the balance of said claim coming on to be heard, the said rule is made absolute for the first reason therein specified and judgment is entered in favor of the use plaintiffs and against the defendant for $5,263.95 being the amount of so much of plaintiffs' claim as to which the defendant's affidavit is

insufficient as set forth in the third paragraph of the affi-
davit of defense filed, viz................... $10,809.80

"Less the amount of defendant's set-off as set
forth in the statement of set-off forming
part of the affidavit of defense filed, viz ... 6,033.25

$4,776.55

"Interest from April 1, 1912, to December 13,
1913 ............................... 487.40

"Total amount for which judgment is now
entered ............................... $5,263.95
"R. N. W."

Defendant appealed.

*Error assigned* was the judgment of the court.

*Wm. Clarke Mason,* with him *William Maul Measey,*
for appellant.—The case was at issue by virtue of a
plea filed by the defendant in response to notice from the
plaintiffs so to do, prior to the taking of the rule for
judgment, and after plea filed no further steps could be
taken by plaintiffs prior to a trial by jury: O'Neal v.
Rupp, 22 Pa. 395; Duncan v. Bell, 28 Pa. 516; Edison
Electric Co. v. Light Co., 32 W. N. C. 327; Thompson v.
Donaldson, 43 Pa. Superior Ct. 585; Johnston v. Bal-
lentine, 1 W. N. C. 626; Richards v. Mink, 19 Philadel-
phia 364; Superior Nat. Bank v. Stadelman, 153 Pa.
634; Bordentown Banking Co. v. Restein, 214 Pa. 30;
Vanormer v. Ford, 98 Pa. 177; Marlin v. Waters, 127
Pa. 177.

*Lewis Lawrence Smith,* for appellees.—The endorse-
ment of notice to file a plea and an affidavit of defense is
mandatory, and is not a waiver of the right to take a
rule for judgment: United Shoe Machinery Co. v. Wins-
ton, 22 Pa. D. R. 1047; Braunstein v. Gettlemacher, 23
Pa. D. R. 107.

PER CURIAM, April 27, 1914:·

· The judgment is affirmed on the opinion of the learned president judge of the Common Pleas.