# United Shoe Machinery Company *v.* Winston, Appellant.

*Practice, C. P.—Affidavit of defense—Plea—Rules of court—Rule 42 of Philadelphia common pleas.*

1. Where a statement of claim in a case originating in Philadelphia contains a notice of the defendant "to file a plea and an affidavit of defense within fifteen days" or judgment, etc., and a plea is filed with an affidavit, such notice does not involve a waiver on the part of the plaintiff of his right to a summary judgment.

*Negotiable instruments—Suit on check—Fraud—Burden of proof—Defense—Affidavit of defense.*

2. Where in a suit on a check by an indorsee against the maker, the averments of the statement are sufficient to show that the plaintiff was "a holder in due course" averments in the affidavit of defense showing that rank fraud had been committed by the payee on the maker in negotiating the check, will carry the case to the jury. The burden of proof is upon the plaintiff in such a case to show that he took the check without knowledge of the fraud.

Argued Oct. 7, 1914. Appeal, No. 262, Oct. T., 1913, by defendant, from order of C. P. No. 5, Phila. Co., Sept. T., 1913, No. 2,273, making absolute rule for judgment for want of a sufficient affidavit of defense in case of United Shoe Machinery Company v. Morton Winston. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on a check.

The check was as follows:

"No. 6                    PHILADELPHIA, Aug. 27, 1913.
        "NATIONAL BANK OF GERMANTOWN 3–53
"Pay to......John   A.   Jackson..........or   order
One  Hundred  &  Fifty.....................Dollars
$150.00.
                    "(Sgd.)   MORTON WINSTON.

"Indorsed:
          "JOHN A. JACKSON
"Pay to Central Trust & Saving Co.
                    "or order
          "United Shoe Machinery Co.
               "GEORGE H. GIFFORD,
                         "Agent."

The affidavit of defense was as follows:

That on August 27, 1913, one John A. Jackson came to the deponent and made representations that he, the said John A. Jackson, could get a note discounted in the Penn National Bank in the amount of $150, provided the deponent would accept his note and indorse the same so that he, the said John A. Jackson, could have the same discounted, and provided further, that the deponent would lend the use of a check for the same amount, which would not be cashed but would simply be held by the bank as collateral for the note.

That the deponent not being indebted to the said John A. Jackson, but wishing to accommodate him as aforesaid, indorsed the note which said John A. Jackson had drawn to deponent's order for $150 and payable at the Penn National Bank on December 27, 1913, and at the same time loaned the said John A. Jackson the check in question for the same amount, with the warning that the same was not to be used, there not being sufficient funds to meet it, but only to be held by the bank which discounted the note as collateral.

That notwithstanding the facts above referred to, the said John A. Jackson on the same day mailed the deponent the above-mentioned note, stating that "my machine company cashed the check," and advising the deponent to take the note to the "bank in Germantown."

Upon receipt of the letter containing said note the deponent forthwith called up the National Bank of Germantown, and informed them that the check had been wrongfully and fraudulently obtained and used,

528   UNITED SHOE MACH. CO. *v*. WINSTON, Appellant.

Statement of Facts—Opinion of the Court.   [58 Pa. Superior Ct.

and advising them not to honor the same if presented for payment. That subsequently the deponent informed the United Shoe Company of the facts above mentioned and advised them to proceed against John A. Jackson, who had defrauded them.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*G. Edward Dickerson*, for appellant.—Judgment cannot be taken for want of a sufficient affidavit of defense where in response to a rule by the plaintiff the defendant files a plea and an affidavit of defense on the same day: Richards v. Mink, 15 Phila. 364; Ewing v. Ewing, 2 Phila. 371; Fritz v. Hathaway, 135 Pa. 274; Heller v. Royal Ins. Co., 151 Pa. 101; Pittsburg, Cincinnati, Chicago, etc., Ry. v. Hayes, 13 Pa. Dist. Rep. 671; Superior Nat. Bank v. Stadelman, 153 Pa. 634.

The burden of proof having shifted when the defendant showed that the title of the said John A. Jackson was defective, the plaintiff must show that they were holders in due course.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellee, cited: Hill v. Gaw, 4 Pa. 493; Thompson v. Donaldson, 43 Pa. Superior Ct. 585.

OPINION BY HEAD, J., December 7, 1914:

The copy of the plaintiff's statement that was served on defendant contained a notice to the latter "to file a plea and an affidavit of defense within fifteen days" or judgment, etc. Within the time and at the same time both plea and affidavit were filed. A rule was then entered for judgment for want of a sufficient affidavit. The rule was made absolute and this appeal followed.

In Dreifus v. Logan Steel Co., 245 Pa. 196, President Judge WILLSON pointed out the scope and effect of Rule 42, of the revised rules of the common pleas courts of

Philadelphia county, and held that, under the operation of that rule, a plaintiff had not waived or lost his right to a summary judgment because his statement carried such a notice which was followed by the filing of a plea. The Supreme Court adopted that opinion and affirmed the judgment. In Stevens, etc., Co. v. Armstrong, 245 Pa. 552, the same court, following the case cited, affirmed a like judgment. The practice in Philadelphia county is therefore settled and the first position of appellant is untenable.

The plaintiff sues on a check of which he became the holder by indorsement from the payee. The defendant is the maker. The important averment in the statement is this: "That the said John A. Jackson, to whose order said check was drawn, for value received, duly indorsed the same to the plaintiff." The first clause of sec. 59 of the Act of May 16, 1901, P. L. 194, declares, "Every holder is deemed, prima facie, to be a holder in due course." When the plaintiff therefore had properly averred his title to the check as a holder, by indorsement from the payee, the statute itself declared, without further averment by him, that, for the purpose of making a prima facie case, he was a "holder in due course." His averment then was no more than an affirmation of the legal presumption incident to the status of any holder of a negotiable instrument.

The defendant was then compelled to answer this prima facie case. His affidavit sufficiently avers a state of facts which, if established, would show that the payee in negotiating the check as he did, had perpetrated a rank fraud on the maker. This being so the statute in turn comes to the aid of the maker. The second clause of the same section already quoted from provides: "but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he . . . . acquired the title as holder in due course."

The affidavit being regarded as verity, the defendant has shown a defective title in the person who negotiated

the check in suit. The plaintiff must now proceed and proceed by proof to establish as a fact what before was but a presumption of fact, to wit, that he became a holder in due course. His obligation to do so is not conditioned on any averment or proof by the defendant that plaintiff took the instrument with notice of the defect in the title of the person who negotiated it. Manifestly it is but rarely the defendant could have such knowledge of a transaction to which he was no party, as to enable him to aver upon his oath or prove by evidence that plaintiff took the paper with notice of the defect. He would thus be denied the benefit of the statutory provision we have quoted.

But we need not depend on our own reasoning to support the conclusion indicated. In Second Nat. Bank of Pittsburg v. Hoffman, 229 Pa. 429, one McKee made a note and fraudulently procured the indorsement of Hoffman thereon. He then negotiated the note to the bank. The bank, holder, sued the indorser. The latter defended on the ground that McKee, who negotiated the note, had defrauded him in obtaining his indorsement. He made no effort to prove the bank took the note with any notice of the fraud. In the opinion, Mr. Justice BROWN used this significant language: "The defendant was not required, in the first instance, to show that the bank had knowledge of the false representations made by McKee to him, for after he had shown, as he clearly did show, that a fraud had been practiced upon him, the bank was called upon to show affirmatively that it had no notice of the fraud when it took the note in good faith and for value." It ought to be clear enough that what a defendant is not required to prove to make out a case, he need not aver in his affidavit of defense. We must therefore conclude the affidavit in the case at bar was sufficient to entitle the defendant to a trial by jury and the learned court below fell into error in entering a summary judgment against him.

Judgment reversed and a procedendo awarded.