# Scholtz *v.* Crescent Loan and Savings Association, Appellant.

*Practice—Municipal Court of Philadelphia—Rule for judgment —Answer to new matter—Act of July 12, 1913, Section 12, Paragraph 2, P. L. 711.*

Where the plaintiff in an action in the Municipal Court of Philadelphia County moves for judgment for want of a sufficient affidavit of defense, and subsequently files an answer to defendant's statement of new matter, the filing of the answer is not an abandonment of the rule for judgment. The Act of July 12, 1913, Section 12, Par. 2, P. L. 711, clearly shows that the fact that the case is at issue by the filing of the answer to new matter, does not prevent a motion for judgment for want of a sufficient affidavit of defense.

*Building and loan associations—Loan—Fraud—Affidavit of defense.*

In an action by a member of a building and loan association

against the association to recover a portion of a loan which the association had agreed to make to the plaintiff on a mortgage, and which portion had been retained until certain conditions were performed, the defendant cannot set up as a defense misrepresentations made to it by the plaintiff who was its conveyancer as to the price which he was going to pay for the property on which the mortgage was given, if there is nothing to show that the price actually paid was not a proper one, or that the association had in any way been injured by the misstatement.

Argued Dec. 15, 1914. Appeal, No. 263, Oct. T., 1914, by defendant, from order of Municipal Court Philadelphia Co., Sept. T., 1914, No. 10, making absolute rule for judgment for want of a sufficient affidavit of defense in case of August Scholtz v. Crescent Loan and Savings Association. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover the sum of $500.00 retained by the defendant out of a loan of $2,000.00 to plaintiff.

From the record it appeared that the defendant had agreed to lend to the plaintiff the sum of $2,000.00 secured by a mortgage on certain properties in the City of Philadelphia. The application for the loan made by the plaintiff showed a valuation of the properties at $10,-600.00. The committee of the defendant association also appraised the property as of that value. $1,500.00 was paid to the plaintiff at the time he executed the mortgage, but $500.00 was retained until the plaintiff had made certain repairs and improvements on the property. He subsequently made the repairs and improvements, and then brought this suit.

Defendant filed an answer to the plaintiff's statement of claim in which it set up new matter as follows:

1. The plaintiff is the regularly elected conveyancer of the defendant association, whose duty it is to prepare all papers and protect the interests of the association at the settlements for all loans, acting, therefore, in a confidential and trusted capacity to the defendant.

2. That at the meeting of the board of directors of said defendant association, held on May 18, 1914, the said plaintiff wilfully and fraudulently misrepresented to the said directors of said defendant association that he was about to pay for the properties upon which the loan was made $9,500.00, that is, $2,000.00 subject to ground rent principals aggregating $7,500.00.

3. That upon the strength of this misrepresentation, believing it to be true, said board of directors agreed to loan the amount of $2,000.00, subject to said ground rent principals aggregating $7,500.00 upon the said properties.

4. That not until after the settlement for the loan and the repairs and improvements had been made and the mortgage recorded, did the defendant association learn that the plaintiff had only paid for the properties which he purchased at the time of giving the mortgage to the defendant, with the money received from defendant association, $1,300.00, subject to certain ground rent principals aggregating $7,500.00.

5. This knowledge the plaintiff alone of the officers, directors and stockholders of the defendant association had by reason of his attending the settlement in the defendant association's behalf, but, though acting in a confidential and trusted relation and capacity to the defendant association, did not disclose this information to the defendant association.

6. Had the defendant association had knowledge of the price the plaintiff was actually about to pay for the properties, the loan would not have been granted.

7. As soon as the defendant association learned the amount the plaintiff had actually paid for the properties, it refused to pay the plaintiff the balance of the loan.

After the filing of the answer the plaintiff moved for judgment for want of a sufficient affidavit of defense, and subsequently filed an answer to defendant's statement of new matter.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Joseph V. Somers,* for appellant.—After a case is at issue there can not be a rule for judgment for want of a sufficient affidavit of defense: Superior Nat'l Bank v. Stadelman, 153 Pa. 634; Thompson v. Donaldson, 43 Pa. Superior Ct. 585.

If the defendant avers clearly and with particularity facts showing that he was induced to execute a contract by representations made by plaintiff which he knew or must have known were false, the affidavit is sufficient: Nichols v. Fleming, 2 W. N. C. 15; Smith, Kline & French Co. v. Smith, 166 Pa. 563; Hewitt v. Altick's Son, 15 Lanc. L. R. 240.

*C. Wilson Roberts,* with him *Herman D. Levinson,* for appellee.—The filing of the rule to plead taken subsequent to the rule for judgment did not act as a bar to the plaintiff's right to take judgment: Dreifus v. Logan T. & S. Co., 245 Pa. 196; Webster v. Monongahela, Etc., Coal & Coke Co., 201 Pa. 278.

The defendant in its answer tries to vary the written contract between the parties by an indefinite parol statement. The courts have uniformly held in such cases that the affidavit of defense is insufficient: Bright v. Siggins, 2 Pa. Superior Ct. 106; Blanton, to use, v. Craven, 173 Pa. 374; Mantua Hall, Etc., Co. v. Brooks, 163 Pa. 40; Acetylene Co. v. Smith, 10 Pa. Superior Ct. 67; Philadelphia Bourse v. Downing, 6 Pa. Superior Ct. 590.

OPINION BY TREXLER, J., November 15, 1915:

The Act of Assembly of July 12, 1913, P. L. 711, establishing the Municipal Court of Philadelphia provides in the second paragraph of Section 12, that the defendant must file an answer to the plaintiff's claim with-

in ten days of the service of the statement upon him, in which answer he must either deny the facts averred in the plaintiff's statement, or plead ignorance and demand proof as to such of which he has no knowledge. "After defendant has filed an answer the case shall be at issue, without any formal pleas, unless he sets up new matter in separate numbered paragraphs in addition to those answering plaintiff's averments; in which case plaintiff may within five days answer the same in the same manner, and all new matter so averred by defendant and not denied by plaintiff, or of which he does not declare himself to be ignorant and demand proof, shall be deemed to be admitted. The case shall then be at issue. Plaintiff may move for judgment for want of a sufficient answer for all or a portion of his claim." The plaintiff moved for judgment for want of a sufficient affidavit of defense and afterwards filed an answer to defendant's statement of new matter. It is argued that his filing an answer was an abandonment of the rule for judgment. The court below did not so regard it and entered judgment for the plaintiff.

We are not disposed to question its interpretation of the act of assembly in this respect. As long as the rule for judgment was undetermined, the case was not at issue. The plaintiff by filing an answer after he entered the rule for judgment merely complied with the duty cast upon him by the act. The question of the sufficiency of the affidavit was to be determined in limine before the case could be further proceeded with. The language of the act sets out a precise course of procedure; a statement by the plaintiff, an answer by the defendant, which puts the case at issue without further plea, unless new matter is alleged by the defendant, in which case the plaintiff has five days to answer. After setting out this course of proceeding the paragraph concludes that the plaintiff may move for judgment for want of a sufficient affidavit of defense. The act clearly shows that the fact that the case is at issue does not prevent a motion for

judgment, or else as soon as the affidavit of defense, without an allegation of new matter, would be filed, the plaintiff would be deprived of the right to move for judgment for the reason that the case is at issue. It is evident that the framers of the act did not contemplate that such an effect should follow. Nor do we think the filing of an answer to defendant's new matter should be considered as an abandonment of the rule for judgment, particularly when as stated before, the rule for judgment preceded the filing of the answer. It may be noted that parties have no option as to putting the case at issue. The filing of the answer, ipso facto, accomplishes that end. As was pointed out in the case of Dreifus v. Logan Iron & Steel Co., 245 Pa. 196, there is a distinction between cases where the plaintiff voluntarily enters a rule to plead and those in which the filing of a paper puts the case at issue. The filing of the answer to new matter can hardly be characterized as a step in the cause "calculated to mislead his opponent," the phrase employed in Horner v. Horner, 145 Pa. 258.

As to the question of the sufficiency of the affidavit it will be noticed that it is admitted that the plaintiff, August Scholtz, has $500, which has not been paid to him out of the sum which he borrowed from defendant. Every allegation of plaintiff's statement is practically admitted. The new matter set up in defense is that the plaintiff misrepresented, fraudulently, that he was about to pay $9,500 for the property upon which the loan was to be granted and that upon the strength of this misrepresentation the board of directors agreed to loan the amount of $2,000 to him subject to a ground rent of $7,500, and that this misstatement of the plaintiff was not known to the defendant until the mortgage loan had been made; that if defendant association had knowledge of the real price, the loan would not have been granted, and that it was the duty of the plaintiff, by reason of the confidential relation he sustained to it to have disclosed this information. It will be noticed that the com-

mittee of the defendant association appraised the property as having a value of $10,600; that this value was the same as was fixed by the plaintiff in his application for the loan. Nowhere in the affidavit of defense is there any allegation that the alleged fraud of the plaintiff injured the defendant association or that the value of the property was not correctly stated by the applicant in his application. If the lie which the defendant alleges the plaintiff told as to what he intended to pay for the property deceived the defendant association and led it to do something by which it sustained harm, the nature of the loss should be stated distinctly. If the security which the defendant association has is ample to protect the loan, there is no reason why it should retain $500 of the amount which it granted to the plaintiff, nor has it the power to punish him for having told a falsehood by retaining the $500 due him. It is not asking too much of the association if it was defrauded by the plaintiff to show what damage it sustained.

Judgment affirmed.