## Ellman, Appellant, *v.* Bralow.

*Landlord and tenant—Lease — Sublease — Presumption of possession.*

In an action of assumpsit for rent due under a lease, a judgment in favor of the defendant will be affirmed, where the issue was one of fact as to whether the landlord had resumed possession and there was sufficient evidence to support the findings of the trial judge.

A surrender of a lease by operation of law results from acts which imply mutual consent, independently of the expressed intention of the parties that their acts shall have that effect. It is by way of estoppel; and the relinquishment of possession by the tenant and the resumption of possession by the landlord operates, as a general rule, as a surrender by operation of law.

Argued November 14, 1924. Appeal, No. 222, Oct. T., 1924, by plaintiff, from judgment of the Municipal Court of Philadelphia, Nov. T., 1923, No. 814, in favor of defendant in the case of Charles Ellman v. Philip Bralow. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a lease. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the defendant. Plaintiff appealed.

*Errors assigned* were the decree of the court and refusal of plaintiff's motion for judgment non obstante veredicto.

*Oscar Rosenbaum,* for appellant.

*I. Irwin Fisher,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

Bralow was a tenant of Ellman and had subleased to certain parties. Disputes arose between Bralow and Ellman, the nature of which does not appear. Suit had been brought and there was a written agreement entered into providing for the discontinuance of the suit upon the assignment by Bralow of his interest in the lease and subleases to Ellman. These leases were never assigned, defendant claiming they were lost. Nevertheless, the landlord proceeded to act as if the agreement had been carried out for he collected the rents from the subtenants and when one remonstrated, he testifies that he "told him I am going over to take [to take over] this place myself. Philip Bralow has got nothing to do," and the rent for the month then owing was accepted by the landlord. The landlord also collected the rent from the other tenant. Although the son of the landlord stated he was collecting the rent for Bralow, it was the duty of the learned trial judge, the case being tried without a jury, to decide which narrative should be believed. The question narrowed down to whether there was a resumption of possession by the landlord and the waiver of the requirement that the leases be assigned. The landlord acted as if the thing agreed to be done had been done. Whether there was a surrender and an acceptance of it were conclusions to be drawn from the testimony in the case. "A surrender of a lease by operation of law results from acts which imply mutual consent independently of the expressed intention of the parties that their acts shall have that effect. It is by way of estoppel; and the relinquishment of possession by the tenant and the resumption of possession by the landlord operates, as a general rule, as a surrender by operation of law": Kull v. Mastbaum & Fleisher, 269 Pa. 202, 205. We think the conclusion of the learned trial

413, (1925).]          Opinion of the Court.

judge that there was a surrender of the lease had abundant evidence to support it.

The judgment of the lower court is affirmed.