## Fidelity and Casualty Company of New York v. Brua.

*Practice, C. P.—Affidavit of defense offered as evidence—Failure to limit its effect.*

1. Where a plaintiff, without qualification, limitation or restriction, offers in evidence the affidavit of defense filed by defendant and offers no testimony in contradiction thereof, the averments of fact in the affidavit of defense must be accepted as proved.

*Contracts—Bond—Execution in blank.*

2. It seems that the rule that when a bond is executed in blank, the obligor constitutes the obligee his agent to fill in the blanks and is bound by his doing so has no application where the obligee in fact did not fill in the blanks.

Rule for judgment in defendant's favor *n. o. v.* C. P. Blair Co., Jan. T., 1927, No. 106.

*John M. Snyder,* for plaintiff; *Robert W. Smith,* for defendant and rule.

HARE, P. J., Dec. 20, 1927.—This action is based upon a contract alleged to be incomplete because of the failure to fill in the blank spaces and thus express the definite terms of the contract capable of supporting the action.

Counsel for plaintiff insists upon the application of the rule of law that when an obligation is executed in blank, the obligor constitutes the obligee his agent to fill in the blanks and is bound by his doing so. This is the rule of law applicable to negotiable instruments, and in some cases has been applied to other contracts. A discussion of that question would not serve any useful purpose here, because, as a fact, the obligee did not fill in the blank spaces.

We do not think that it is necessary to determine now whether the instrument in its present form is complete and sufficient to sustain an action. The defendant in his affidavit of defense avers that, although he signed said instrument, it does not constitute the contract between the parties. He declares that he procured the bond through a solicitor for the surety company, and that the solicitor who procured the bond for him represented to him and agreed with him that the defendant would not be required to pay any amount in excess of the initial payment for or on account of said contract.

At the trial, the plaintiff, without qualification, limitation or restriction, offered in evidence the paragraphs of the affidavit of defense averring this contract, which placed the statements therein set forth upon the record as part of the evidence. There was no offer to limit the use of the affidavit in connection with the plaintiff's statement to establish only facts admitted. The plaintiff did not offer any testimony in contradiction; hence, the averment of fact in the affidavit of defense must be accepted as proven: Kull *v.*

Mastbaum & Fleisher, 269 Pa. 202. Having proven the contract as averred by defendant, and the discharge of that contract by payment, recovery is barred.

The first and second points submitted by the plaintiff should have been denied. The first and fifth points submitted by the defendant should have been affirmed.

Now, Dec. 20, 1927, the rule for judgment for defendant *n. o. v.* is made absolute and judgment is directed to be entered in favor of the defendant *n. o. v.*