Real Estate-Land Title & Trust Co. *v.* Lloyd Building Corporation (et al., Appellant).

Argued January 7, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Henry S. Drinker, Jr.,* with him *Cadmus Z. Gordon, Jr.,* and *Dickson, Beitler & McCouch,* for appellant.— There has been no default by Lloyd Corporation under its contract or by appellant under its bond: Greenlee v. West, 71 Pa. Superior Ct. 468; Feay v. Decamp, 15 S. & R. 227; Case v. Green, 5 Watts 262; Appleton v. Donaldson, 3 Pa. 381; Little Mfg. Co. v. Lipschultz, 87 Pa. Superior Ct. 102.

The declaration of no set-off, signed by Hartford Company on the assignment of its bond to title company, did not enlarge the obligation of the surety nor create a default by the principal: Duquesne Bank's App., 74 Pa. 426.

The failure to erect the apartment house resulted from the action of the state authorities, making such erection unlawful and therefore legally impossible: Monaca Boro. v. Ry., 247 Pa. 242.

*Earl G. Harrison,* with him *Saul, Ewing, Remick & Saul,* for appellee.—The bond in this case is to be construed as an agreement of indemnity, conditioned upon completion of the building, against loss under the insurance contracts issued by appellee to mortgagees: South Phila. State Bank v. Surety Co., 288 Pa. 300; Com. v. Bicycle Assn., 178 Pa. 636; Montgomery Co. v. Ambler Davis Co., 302 Pa. 333; Equitable Trust Co. v. Surety Co., 214 Pa. 159; Central T. & S. Co. v. Furniture Co., 57 Pa. Superior Ct. 221; Folz v. T. & S. Fund Co., 201 Pa. 583; Mechanics T. Co. v. Fidelity & C. Co., 304 Pa. 526.

It is not clear whether appellant undertakes to say that its bond never became effective; if such is to be taken from its affidavit of defense, reference should be made to a case where the same company took the same position, but without success: Donaldson v. Accident & Indemnity Co., 269 Pa. 456.

There is nothing to be found in the law which would preclude the enforcement of the bond against appellant, even though the contract between Pearce and the Lloyd Company could not have been enforced: Walton, Exr., v. Surety Co., 264 Pa. 272; Lincoln T. Co. v. Bldg. Corp., 229 N. Y. 313; Nierenberg v. Maxwell Co., 76 Pa. Superior Ct. 295.

A waiver, in the sense we are considering it, is "a voluntary relinquishment of the right that one party has in relation to another": Davis v. Fenner, 30 Pa. Superior Ct. 389.

We do not agree that title companies are in the business of making searches for zoning ordinances. We submit that the zoning ordinance in this case did not constitute an exception, objection or encumbrance: Ritter v. Hill, 282 Pa. 115.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1932:

The Hartford Accident & Indemnity Company, one of the defendants, appeals from a judgment rightfully entered against it for want of a sufficient affidavit of defense. The essential facts are as follows:

An owner of realty, being desirous of erecting an apartment house thereon, but without sufficient means to enable him to do so, entered into a written agreement with a builder to do the work, reciting therein that plaintiff "is about to make certain insurances of completion and against liens, and as a condition for so doing has required the execution of this present contract." The agreement refers also to the $20,000 mortgage, plaintiff's guarantee of which resulted in this suit, and specifically declares that the builder is to give "a surety bond [executed by appellant eo nomine,—it being a corporation engaged in the business of issuing indemnity bonds for an agreed premium], guaranteeing completion ......in such form and manner as will be satisfactory to [plaintiff, which bond] shall be drawn directly to [plaintiff] as obligee."

For some unknown reason, the bond was originally drawn in favor of the owner and not of plaintiff; but it recites that plaintiff has "agreed to insure the title to various......mortgagees......against loss or damages by reason of the failure of the [builder] to complete the erection of the said apartment according to certain plans and specifications" on file with plaintiff, and states as its condition that if the builder "shall and do well and truly and in all respects comply with the terms and conditions and covenants set forth in the above recited contract, then this obligation to be void; otherwise to remain in full force and effect." On the same day, the owner assigned the bond to plaintiff, and, in their written consent to the assignment, appellant and the builder "expressly agree that no defense which exists or which may hereafter exist between the parties to the contract in the said bond referred to, or any other person or persons, corporation or corporations, shall be urged, admitted or allowed in defense of any claim which may be made by [plaintiff] its successors and assigns upon said bond."

Among the insurance policies issued by plaintiff, on the faith of appellant's bond and the assignment thereof, was the $20,000 one already referred to, which was delivered to a mortgagee who advanced that sum for the purpose of enabling the apartment house to be built. This policy insured the mortgagee that the building would be constructed in accordance with the terms of the contract therefor. In point of fact, it never was built, the project being abandoned because the contemplated structure was forbidden by an applicable zoning ordinance, which was in existence before the owner decided to improve his property. Subsequently the realty was sold at sheriff's sale on an encumbrance prior in lien to the $20,000 mortgage, and the mortgagee received nothing. She thereupon sued plaintiff on the policy given by it to her; it notified appellant of the suit, and,

by agreement between them, they coöperated in the defense thereto. The mortgagee obtained a verdict and judgment. At appellant's request no appeal was taken, and plaintiff paid the mortgagee the amount of her recovery. To recoup itself, plaintiff, in this action, sued appellant on its guarantee above quoted, and obtained the judgment from which the present appeal is taken.

The only objection we need consider is one which avers that, as the builder was prevented by an act of the law from erecting the apartment house, he was in no default for his failure so to do, and hence appellant could not be, since it only guaranteed that he would erect the building. We need not consider whether this would ordinarily be so, since appellant expressly agreed "that no defense which exists or which may hereafter exist between the parties to the contract in the said bond referred to......shall be urged, admitted or allowed in defense of any claim which may be made by [plaintiff] its successors and assigns upon the said bond." Upon the faith of this, plaintiff insured the mortgagee that the building would be constructed, thereby protecting her by a lien on an improved property, instead of upon an unimproved one, as resulted from the failure to build. Hence, the defense here attempted, being one alleged to exist "between the parties to the contract," viz., the owner and the builder, could not be "urged, admitted or allowed" in this suit on appellant's guarantee, especially as it was given in consideration of the payment of the premium agreed upon. For this reason, its liability was "that of an insurer......and [the guarantee] should be construed most strictly in favor of" plaintiff: Young v. American Bonding Co., 228 Pa. 373, 380; South Phila. State Bank v. National Surety Co., 288 Pa. 300, 305. It follows that, since there is no dispute as to the propriety of the amount paid, appellant cannot successfully defend against plaintiff's claim to recover that amount.

The conclusion thus reached dispenses with the neces-

sity of determining what effect should be given to the fact that the policy accompanying the $20,000 mortgage, upon which plaintiff was held liable on the trial defended by both plaintiff and appellant, expressly declares that the title thereby insured is "subject to zoning ordinances," against the effect of which plaintiff does "not agree to insure." At that earlier trial, appellant either failed to present this as a defense, or it was held ineffective though presented, and in either event appellant can hardly be permitted to urge it now.

The judgment of the court below is affirmed.