Crew Levick Company *v.* Gibbon, Appellant.

Argued October 30, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Samuel Finestone,* and with him *W. Horace Hepburn, Jr.,* for appellant.

*Harry Fischer,* of *Illoway & Fischer,* for appellee.

Opinion by Trexler, P. J., January 4, 1935:

This is an action of assumpsit. The plaintiff declares on a written contract which is attached to the statement and avers that pursuant to said contract oil was delivered on the dates and amounts set forth in the books of original entry, of which a correct copy is attached, and that the prices therein set forth are the usual and market prices. The contract is quite lengthy, but the important part is the furnishing of the oil at

.04¾¢ per gallon to the defendant. The contract is signed by the vendor and by "Lissette K. Gibbon by C. E. Gibbon." The affidavit of defense does not dispute the accuracy of the charges, but denies that the defendant ever entered into the written contract. She admits that the oil was delivered, as stated, but avers that she never agreed to pay for it, but the oil was bought by C. S. Gibbon Company, Inc., and delivered to it and partly paid by it.

At the trial without a jury the court entered judgment for the plaintiff. There was a preliminary colloquy in which the attorney for the plaintiff stated that the suit was for the price of fuel oil sold and delivered and charged in the books to Lissette K. Gibbon. The defense was, so stated by counsel, that the son bought it, and the court reiterated that the defense was that the son bought it. The court's attention was called to the fact that the contract on its face was made with the son in the defendant's name and that the plaintiff ought to be put to the entire burden of proving the contract. The plaintiff then offered in evidence paragraphs one, two and four of the plaintiff's statement of claim which, it was stated, were not denied by the affidavit of defense and also the copy of the book account attached. An objection was made and it was overruled and an exception noted for the defendant. Paragraph four offered by the plaintiff reads as follows: "4. Pursuant to the terms thereof, plaintiff sold and delivered to defendant fuel oil, on the dates, in the amounts and quantities, of the kinds and qualities and for the prices set forth in entries in plaintiff's books of original entry, and therein charged to defendant, a true and correct copy of which entries is hereto attached, made part hereof and marked Exhibit 'B.'" Of course, the paragraph of the statement standing alone proves nothing. It must be read in connection with the corresponding paragraph which, although not formally offered, was no doubt before the court. The affidavit of defense reads as follows:

"4. Plaintiff delivered fuel oil at the premises in question at the special instance and request of C. S. Gibbon Company, Inc., a corporation duly incorporated under the laws of the State of Pennsylvania, and that the fuel oil delivered was paid for by C. S. Gibbon Company, Inc., and that she had no knowledge of there being any fuel oil purchased on her credit, and that C. S. Gibbon Company, Inc., occupied a large portion of the premises and were under obligation to heat the building." The plaintiff must necessarily depend upon this fourth paragraph in order to sustain its case, for nothing else was produced. If it wished to pick out of the paragraph an admission in its favor, it was incumbent upon it to separate that admission from the rest of the paragraph. Not having done this, but relying upon it generally, it was bound by the averment of facts therein contained, and the decision of the court being made entirely upon the pleadings before the court, the fact that the defendant had no knowledge of the purchase of the fuel oil and that C. S. Gibbon Co., Inc., was the party who dealt with the plaintiff is shown. Where certain paragraphs of an affidavit of defense are offered by the plaintiff generally, the averment of facts therein contained must be given due credit. If the purpose of the offer is to use defendant's affidavit, taking the fourth answer in the affidavit of defense as verity and without any specific part of it being extracted, it would seem that the trial judge had no right to enter judgment. Kull v. Mastbaum & Fleisher, 269 Pa. 202, 205, 112 A. 631.

Apart from this we would find difficulty in sustaining the judgment for the reason that the plaintiff has declared upon a written contract. He must prove his case as presented. He cannot rely upon the presumption of purchase and delivery attached to the books of original entry and the implied promise to pay. Where there is a special agreement the transaction is taken

out of the usual course of buying and selling. Hall &
Co. v. Woolen Co., 187 Pa. 18, 40 A. 986. In Dreifus
v. Logan Iron & Steel Co., 245 Pa. 196, 91 A. 239; in
the opinion of the lower court, judgment having been
affirmed by the Supreme Court the statement is made,
"The case of plaintiff rests upon what may be re-
garded as an express contract, and one that could not
be established by the production of copies of entries
in the books of original entries. Pringle v. Neff, 112
Pa. Superior Ct. 547, 550, 172 A. 26. Books of original
entry are not admissible to prove delivery of goods,
pursuant to a previous contract: Hall & Co. v. Woolen
Co., supra.

It is true, as stated by the lower court, that the rule
in regard to the admission of books of original entry
has been somewhat relaxed, but the cases in point
merely affect the strictness of the rule as to the pro-
duction of the proof in regard to such entries; they
give no support to the principle that the plaintiff when
he declares on an express contract can dispense with
the proof of its execution by offering the books of
original entry showing the dates, amounts and deliv-
ery to the person charged. Moreover, in this case on
the very face of things, the contract was not signed by
the defendant, but entered into by an agent. It was
incumbent upon the plaintiff to assert that the agent
was duly authorized to act for his principal. If that
had been asserted in the plaintiff's statement and not
denied by the defendant, it would have been sufficient
to establish the fact of agency, but there is nothing in
the case to show authority to sign defendant's name.
The only contention was as to who made the contract
and the plaintiff offered no proof in that connection
except the fourth paragraph of defendant's affidavit
of defense which, as stated, averred that the defendant
had never entered into it.

The judgment is reversed with a venire.