## Hess et al. v. Merion Title & Trust Company of Ardmore (et al., Appellant).

Argued January 21, 1935.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*T. P. Talbot,* with him *Frank R. Ambler* and *Harry S. Ambler, Jr.,* for appellant.

*Aaron S. Swartz, Jr.,* with him *Samuel H. High, John M. Dettra, Samuel H. High, Jr., Louis M. Childs, 2d,* and *Thomas Hallman,* for appellees.

OPINION BY MR. JUSTICE DREW, February 4, 1935:

Peter C. Hess, treasurer of Lower Merion Township, Montgomery County, and the Royal Indemnity Company, surety on his treasurer's bond, filed a statement of claim against The Merion Title & Trust Company of Ardmore and the Independence Indemnity Company, the latter of which is now in the hands of the insurance commissioner as statutory liquidator. In answer to the statement of claim, which alleged liability on defendants' depository bond, the Independence Indemnity Company filed an affidavit of defense in the nature of a demurrer, and, when the questions of law raised thereby were decided against it, its affidavit of defense on the merits was filed. A motion by plaintiffs for judgment for want of a sufficient affidavit of defense was granted, and from the judgment entered thereon the statutory liquidator has appealed.

The averments of the statement of claim, so far as they are admitted by the affidavit of defense, disclose that Hess was duly elected treasurer of the township in 1925, and was reëlected in 1929, for a term of four years beginning January 1, 1930, and that a bond dated January 6, 1930, was given the township by Hess as principal and the Royal Indemnity Company, his coplaintiff, as surety, conditioned upon the faithful performance of his duties as township treasurer and his accounting for township moneys. Township funds collected by Hess as tax collector or otherwise in his custody were deposited by him in The Merion Title & Trust Company of Ardmore, which had been the depository of township moneys for many years. On December 28, 1925, the bank and the Inde-

pendence Indemnity Company, the present defendants, gave their bond to plaintiffs, in the sum of $150,000, conditioned that "if the said depository shall well, faithfully and honestly keep and account for all moneys of the said obligees which are or may be on deposit or deposited with the said depository, and shall, without delay, pay over, deliver and account for the same and any and every part thereof, from time to time, and at any and all times when the same shall be demanded by the said Peter C. Hess and/or such other officials of said township on whose order the same are payable, and also any and all interests which shall or may accrue or be payable thereon, then this obligation to be void, otherwise to be and remain in full force and virtue." This bond was renewed from time to time by so-called "continuance certificates," and was continued in force by such a certificate from January 4, 1931, to January 4, 1932.

On October 27, 1931, the bank closed, and on the next day the secretary of banking took possession of its assets for the purpose of liquidation. At the time the bank closed there were, in the bank, deposits of township funds, in the name of Hess as treasurer, amounting to $366,-221.62, and a "special account" of $51,619.23 in Hess's name as an individual. Written notice of the bank's closing and failure to pay on demand the money deposited with it was given by Hess to the defendant indemnity company on November 12, 1931. Suit was brought against plaintiffs by the township early in 1932, to recover the township funds on deposit with the bank, and thereafter the present suit was instituted on the depository bond.

The principal question presented on this appeal is whether the obligation of the defendant indemnity company is one of suretyship or indemnity. Notwithstanding the fact that throughout the bond defendants are described as "principal" and "surety," respectively, and in spite of the complete absence of words of indemnity, such as "save, keep harmless, and indemnify from loss," ap-

pellant contends that the obligation is that of indemnitor and that no liability ensues until an actual loss is shown by plaintiffs, in the form of judgment against them in favor of the township. This argument is founded chiefly upon the occurrence of the words "total loss" in the third special condition precedent of the bond, the language of which is as follows: "Third: The surety shall only be liable hereunder for such proportion of the total loss sustained by the obligees, for any default of the depository embraced within the terms of this bond, as the penalty of this bond shall bear to the total amount of valid and collectible indemnity or security furnished by or on behalf of the said depository in favor of the obligees." This clause must, however, be read in conjunction with the rest of the bond, in no part of which is the restricted liability of an indemnitor suggested. On the contrary, the introductory portion of the bond declares that defendants "do bind" themselves "jointly and severally," the fourth special condition speaks of the "responsibility hereunder" of the "surety" for a "default of the depository," and in the fifth condition reference is made to "the terms of the suretyship hereunder." We have frequently pointed out that contracts of professional surety companies, being ordinarily in terms prescribed by themselves, should be construed strictly in favor of the obligee: Young v. Am. Bonding Co., 228 Pa. 373, 380; South Phila. State Bank v. Nat. Surety Co., 288 Pa. 300, 306; Real Estate-Land Title & Trust Co. v. Lloyd Bldg. Corp., 306 Pa. 189, 193; Purdy v. Massey, 306 Pa. 288, 293. The language of the condition of the bond in suit plainly indicates an intention to protect plaintiffs from default by the depository and to make the defendant indemnity company responsible in the event of such default. The bond was thus a written agreement to answer for the default of another, and therefore within the provisions of the Act of July 24, 1913, P. L. 971. In the absence of a negative statement, of an intention *not* to be liable as surety

(see Waber's Est., 317 Pa. 497), the liability on the bond was accordingly that of suretyship and not of indemnity.

In this view of the case, it is unnecessary to consider whether plaintiffs are liable over to the township. Since the liability of defendant indemnity company is that of surety of the depository's performance of its obligation, it became liable at once upon the latter's failure and consequent inability to perform (see Com. v. U. S. Fidelity & Guaranty Co., 314 Pa. 140, 146), and Hess was thereupon entitled to enforce that liability to the extent of the moneys deposited within the terms of the bond and subject to withdrawal by him—provided, of course, that the liability under the bond could not be greater than its penal sum. The Royal Indemnity Company, since it too was an obligee of the bond, is a proper party plaintiff, although it cannot, of course, collect more than it is called upon to pay under the bond given by it and Hess to the township, its interest in the transaction being no more than that of surety for Hess on that bond.

A portion of defendants' affidavit of defense was entitled "New Matter," although it consisted almost wholly of legal conclusions and of explanations of averments made elsewhere in the affidavit. To this "new matter" each plaintiff filed a reply, that of the Royal Indemnity Company having been filed before the motion for judgment for want of a sufficient affidavit of defense was filed. Appellant claims that such action amounted to a waiver of plaintiffs' right to ask judgment on the pleadings. In support of this contention, reliance is placed on O'Neal v. Rupp, 22 Pa. 395, in which it was held that a plaintiff could not obtain a rule for judgment five months after the affidavit had been filed and more than a month after he had entered a rule to plead and a rule to arbitrate. While it may be conceded that a waiver of a plaintiff's right to judgment on the pleadings may be implied from a voluntary step on his part toward putting the case at issue, it is well settled that there is no waiver where plaintiff's action was compulsory, under a statute or a rule of court:

Horner v. Horner, 145 Pa. 258; Dreifus v. Logan Iron & Steel Co., 245 Pa. 196; Scholtz v. Crescent Loan & Sav. Assn., 61 Pa. Superior Ct. 388. Section 15 of the Practice Act of May 14, 1915, P. L. 483, as amended by section 3 of the Act of April 22, 1929, P. L. 627, requires a plaintiff to file a reply to new matter in defendant's affidavit of defense, and, under section 6 of the Act of 1915, supra, as amended by section 2 of the Act of March 30, 1925, P. L. 84, his failure to do so will constitute an admission of the averments contained in defendant's new matter. As we pointed out in Federal Sales Co. v. Farrell, 264 Pa. 149, such circumstances bring the case within the principle of Horner v. Horner, supra; the filing of replies therefore cannot be taken to waive the right to ask for judgment on the pleadings: Fidelity & Cas. Co. v. Gizynski, 93 Pa. Superior Ct. 152.

After a careful examination of the pleadings and of appellant's numerous arguments, we are convinced that the court below was right in concluding that there were no questions of fact to be submitted to a jury, and in entering judgment for plaintiffs.

Judgment affirmed.