# Philadelphia to use *v.* Fidelity & Deposit Company of Maryland, Appellant.

*Principal and surety—Surety companies—Extension of time—Municipal contract.*

A surety company is not relieved of liability on its bond by an extension of time given to its principal, where it appears that the bond was given to a city under the requirements of an ordinance, for the benefit of all persons who might furnish labor or material in the course of public work, whether the contracts for such labor and material were in existence at the time the bond was executed or not, and without regard to the terms of the purchase whether for cash or on credit, that the extensions did not go beyond the time limit for suit on the bond, and that the surety suffered no material harm by the extensions.

Argued Jan. 10, 1910.  Appeal, No. 138, Jan. T., 1910, by defendant from order of C. P. No. 5, Phila. Co., Feb. Term, 1910, No. 4,614, making absolute rule for judgment for want of a sufficient affidavit of defense in case of

Philadelphia to use of William P. Thompson, Surviving
Partner of the Firm of William P. Thompson and Robert
P. Thompson, trading as Thompson Brothers v. Fidelity
and Deposit Company of Maryland.  Before FELL, C. J.,
BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER,
JJ.  Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of
defense.

The opinion of the Supreme Court states the case.

*Error assigned* was order making absolute rule for judg-
ment for want of a sufficient affidavit of defense.

*William A. Glasgow, Jr.,* for appellant.—It has always
been held in Pennsylvania that an extension of the time
for payment of the obligation secured, without the surety's
knowledge or consent, will release the surety: Riddle v.
Thompson, 104 Pa. 330; Miller v. Stem, 12 Pa. 383;
Henderson v. Ardery, 36 Pa. 449.

And it has repeatedly been held that the taking of
promissory notes, with an agreement for an extension of
the time of payment to the date of maturity of such notes,
will release the surety, who does not consent thereto, and
that payment of interest in advance is a sufficient con-
sideration to support such an agreement: Grayson's App.,
108 Pa. 581; Siebeneck v. Anchor Savs. Bk., 111 Pa. 187;
Bishop's Est., 195 Pa. 85; Calvert v. Good, 95 Pa. 65.

The surety's defense in the present case is further
strengthened by the allegation that the extension con-
tinued until the principal was insolvent and bankrupt,
and until the final and deferred payments under the con-
tract had been paid to the surety and otherwise expended
by him: United States v. American Bonding & Trust Co.,
89 Fed. Repr. 921.

*Frank P. Prichard* for appellee.—It is submitted that
the weakness of the appellant's argument consists in treat-

ing the contract in the present case as an ordinary contract of suretyship: Young v. American Bonding Co., 228 Pa. 373.

It has been decided, both by this court and the Supreme Court of the United States that under such bonds as the one in suit a person who was a subcontractor, who had no contract relation whatever with the principal in the bond, could recover upon the bond: Philadelphia v. Wiggins, 227 Pa. 343; United States v. American Surety Co., 200 U. S. 197 (26 Sup. Ct. Repr. 168).

Under such bonds, it is no defense that the principal in the bond has paid the person with whom he contracted for the work: Smith v. Mosier, 169 Fed. Repr. 430; United States v. National Surety Co., 92 Fed. Repr. 549.

It is submitted that so long as the extension of credit did not go beyond the time limit for suit on the bond, the logic of the reasoning of the court would require that it should be held that any change in the terms of credit would not relieve the surety, who must rely for his protection upon the limitation of the time of suit on the bond: Philadelphia v. Stewart, 195 Pa. 309; Philadelphia v. Neill & Lincoln Savs. & Tr. Co., 211 Pa. 353; Leschen & Sons Rope Co., v. Mayflower Gold Mining, etc., Co., 173 Fed. Repr. 855; United States v. Axman, 153 Fed. Repr. 982; United States v. U. S. Fidelity, etc., Co., 172 Fed. Repr. 268; U. S. Fidelity & Guaranty Co. v. United States, 178 Fed. Repr. 692.

Opinion by Mr. Justice Moschzisker, April 10, 1911:

On December 11, 1907, the firm of Lynch Brothers contracted to erect a schoolhouse for the city of Philadelphia, to be finished by August 1, 1908. A percentage of the contract price was to be retained by the city until the acceptance of the building, and the sum of $3,723.58 for a period of twelve months after completion, as a guarantee for the sufficiency of the work. The Fidelity and Deposit Company of Maryland, the defendant, became surety on a bond given by the contractors under the city ordi-

nance of March 30, 1896, to secure payment to sub-contractors and others for labor and materials supplied in the prosecution of the work. On November 14, 1907, the firm of Thompson Brothers, the use plaintiffs, contracted with Lynch Brothers to furnish labor and materials for certain portions of the work, and on May 14, 1908, they entered into an additional contract. At or before the time when the debt to Thompson Brothers became due and payable, they accepted a note from Lynch Brothers, dated December 2, 1908, for an amount sufficient to cover the balance now claimed, and with an express agreement that an extension of time should be granted until the maturity of the note. This note was renewed on four occasions, with like agreements for extensions till November 19, 1909; all of the renewals and extensions were without the knowledge or consent of the surety. There was a sufficient consideration to support the several extensions, and there is no claim that the notes were taken in payment of the debt. On or before November 18, 1909, the moneys retained by the city were paid to Lynch Brothers, who became insolvent before November 19, 1909, and on November 24, 1909, were adjudged bankrupts. On February 11, 1910, this suit was instituted against the defendant company as surety on the bond, claiming a balance due and unpaid for work and material furnished by the use plaintiffs, with interest "from October 19, 1908, the date when the work . . . . was completed." Affidavits of defense were filed averring the facts substantially as above set forth; the court entered judgment for want of a sufficient affidavit of defense, and the defendant has taken this appeal.

The appellant contends that the extensions of time granted by the use plaintiffs to the contractors, without notice to or consent from the surety, released the latter from its liability on the bond. This would be true if the bond were an ordinary contract of suretyship with an individual as surety. But, as we said in the recent case of Young v. American Bonding Company, 228 Pa. 373;

"The trend of all our modern decisions, federal and state, is to distinguish between individual and corporate suretyship where the latter is an undertaking for money consideration by a company chartered for the conduct of such business. In the one case the rule of strictissimi juris prevails, as it always has; with respect to the other, because it is essentially an insurance against risk, underwritten for a money consideration by a corporation adopting such business for its own profit, the courts generally hold that such a company can be relieved from its obligation for suretyship only where a departure from the contract is shown to be a material variance. . . . While such corporations may call themselves surety companies, their business is in all essential particulars that of insurance. Their contracts are usually in the terms prescribed by themselves, and should be construed most strictly in favor of the obligee."

Here the bond was for the protection of subcontractors and others in the construction of a public building. It differs from the ordinary suretyship, in that it is not an obligation for the performance of any particular contract. It was given for the benefit of all persons who might furnish labor or material in the course of the work, whether the contracts for such labor and material were in existence at the time the bond was executed or not, and without regard to the terms of purchase, whether for cash or on credit. In its nature the obligation was more of a contract of insurance than of suretyship; so long as the extensions of credit did not go beyond the two year limit for suit fixed in the bond, and in the absence of fraud or unfair dealing on the part of the subcontractors to the prejudice of the surety, or of material harm actually suffered, the surety was not released. The surety does not aver any of these elements, but relies upon a presumption of injury because the moneys retained by the city were paid over before the expiration of the extensions. These moneys were not retained for the benefit of the surety, but, in the words of the contract, "as a guarantee that . . . .

(the contractors) . . . . shall keep all of said work done by them in good order and repair for said period of twelve months;" nor could the subcontractors have enforced their claim against this fund: Lesley v. Kite, 192 Pa. 268.

We find no direct averment in the affidavits of defense that the surety was actually harmed by the extensions granted to the contractors, and the facts as stated therein are not sufficient in themselves to raise such a presumption. For all that appears, the contractor may have paid every cent of the cash received to other material men or mechanics who did work upon the building. In a case of this kind, there is no presumption that the surety company is harmed, the prejudice must be made to appear, and the suggestion of mere contingencies or possibilities is not enough.

The assignments of error are overruled and the judgment is affirmed.