# Fahnestock *v.* Boyd, Appellant.

*Decedents' estates — Trusts and trustees — Refunding bond— Statute of limitations—Act of June 30, 1885, P. L. 203.*

Where an executor, in accordance with a provision in the will of the decedent, pays over to a trustee a fund designated, and the trustee on the termination of the trust, being uncertain whether a portion of the fund was payable to one of the next of kin of the testator, or to a trust company, takes a bond from the individual to whom he pays the money, such bond is not within the statute of limitations of June 30, 1885, P. L. 203; inasmuch as that act relates only to the distribution of the estate of a decedent by the executor or administrator and the refunding bond provided in case of such distribution.

Argued Nov. 29, 1915. Appeal, No. 266, Oct. T., 1915, by defendant, from order of C. P. No. 4, Philadelphia Co., March T. 1914, No. 5303, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Vernon Fahnestock v. Ida May Boyd. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a bond. Before AUDENRIED, P. J.

From the record it appeared that B. L. Fahnestock died January 3, 1888. By his will he appointed Alexander V. Verner and Benjamin S. Fahnestock, his executors, and bequeathed to the plaintiff, Vernon Fahnestock,

one-sixth of his residuary estate in trust, to pay the income thereof to Levi F. Fahnestock for life and after his death to the children of Levi Fahnestock until they should reach "legal age," whereupon the principal was to be paid to them share and share alike, it being provided that in the event that Levi Fahnestock should have no children surviving him the principal of the trust should be paid to the legal heirs of the testator in the same proportions in which under the will they were to share in his estate.

The estate of B. L. Fahnestock appears to have been distributed by his executors. The sixth part of the residuum, the income from which was payable to Levi Fahnestock for life, was duly segregated from the other assets and paid over to the plaintiff as trustee.

Levi Fahnestock died November 9, 1903, without issue.

On February 5, 1906, as trustee under the bequest above mentioned, the plaintiff filed his account in the Orphans' Court of Allegheny County. This was duly audited, and on March 25, 1907, the auditing judge entered an order directing the accountant to pay to Ida May Boyd, the defendant herein, the sum of $555.38 by way of distribution of the principal of the fund in his hands. Exceptions to the adjudication were filed; and on January 7, 1908, the order of March 25, 1907, was so far modified by the court as to require that the money thereby awarded to Mrs. Boyd should be paid to The Safe Deposit and Trust Company of Pittsburgh (by which the exceptions had been filed) to be held upon the trusts specified in the last clause of the fourth paragraph of B. L. Fahnestock's will. With the decree as modified the plaintiff complied on May 22, 1908.

Pending the disposition of the exceptions to the adjudication of the judge who audited his account, the plaintiff had, on June 19, 1907, paid the defendant the sum of $555.38 thereby awarded to her, with the additional amount of $249.96, in all $805.34. In consider-

358 FAHNESTOCK v. BOYD, Appellant.

Statement of Facts—Opinion of the Court. [62 Pa. Superior Ct.

ation of this payment at that time, the defendant, by writing under seal, agreed with the plaintiff that should the exceptions above mentioned be sustained, she would refund and repay to him any sum that he might be required to pay to The Safe Deposit and Trust Company of Pittsburgh.

The defendant filed an affidavit of defense setting up the Act of June 30, 1885, P. L. 203, which prohibits the bringing of any suit on a refunding bond given in the distribution of a decedent's estate after five years from the date of the bond.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. Logan MacCoy,* of *MacCoy, Evans, Hutchinson & Lewis,* with him *Garfield Scott,* for appellant.—This bond is within the contemplation and express language of the Act of June 30, 1885, P. L. 203, 1 Purd. Dig. 1132: Kelly's Est., 37 Pa Superior Ct. 320.

*C. L. McKeehan,* of *Roberts, Montgomery & McKeehan,* for appellee.—The instrument in question is not a refunding bond within the meaning of the Act of 1885: McCarthy's Est., 2 W. N. C. 128; Jones's App., 99 Pa. 124; Edgar v. Shields, 1 Grant 361; Phillips v. Ely, 17 Philadelphia 310.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff's action was brought on an obligation given by the defendant to him to refund a sum of money which the plaintiff as trustee for the defendant paid to her, pending the determination of the question in the Orphans' Court of Allegheny County, whether payment should be made to her or to the Safe Deposit and Trust Company of Pittsburgh, trustee. B. L. Fahnestock died January 3, 1888. Under his will one-sixth of the residu-

ary estate was given to the plaintiff in trust to pay the income therefrom to Levi L. Fahnestock during his natural life and at the death of Levi, in default of child or children, the principal to revert to the legal heirs of the testator. The amount due to Vernon Fahnestock under the trust above stated was paid to him by the executors of B. L. Fahnestock's will. Levi died in 1903, and did not leave a child to survive him. As a consequence the defendant, as one of the heirs of B. L. Fahnestock, became entitled to a share of the principal of the trust estate. Vernon Fahnestock as trustee filed his account February 5, 1906, and on March 25, 1907, the auditing judge of the Orphans' Court directed that the sum of $555.38 be paid to the defendant by the trustee. On June 19, 1907, this amount was paid to the defendant and as security to the trustee she gave him the obligation which is the basis of the action. This was in the form of a receipt which also contained a recital of the circumstances of the payment, the possibility that the trustee might be required to pay the fund to the trust company and an agreement to refund the same if it should be determined that the defendant was not entitled to receive it. Previously to the giving of the receipt exceptions to the adjudication of the auditing judge had been filed and on the hearing of these exceptions in the Orphans' Court it was decided that the fund in question was payable by the trustee to the trust company and not to the defendant. Thereupon, the plaintiff was required to pay to the trust company the fund which he had theretofore given to the defendant. On a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense the learned judge of the court below held the affidavit of defense insufficient and thereupon judgment was entered for the plaintiff. The sole defense presented in the affidavit was that the defendant is relieved from liability with respect to the whole of the plaintiff's claim by reason of the statute of limitations of March 27, 1713, limiting the time within which

actions may be brought, together with the supplements and amendments thereto, and also by the provisions of the Act of June 30, 1885, P. L. 203, limiting the time within which actions may be brought on refunding bonds. The first branch of this defense was abandoned and the case is rested by the appellant's counsel on the single question: "Is the Act of 1885 applicable to the instrument on which the suit is brought?" That act provides a limitation of the time within which an action may be brought on certain refunding bonds. The period is limited to five years from the date of the bond with the provision that "Where the creditor shall be within the age of 21 years, non compos mentis, imprisoned, or from or without the United States of America, or where a creditor whose debt shall not mature within such period, shall file within the said period in the office of the clerk of said court, a copy or particular statement of any bond, covenant, debt or demand upon which his claim arises, then and in any such cases an action may be brought by the creditor at any time not exceeding two years from the coming of age, or removal of such disability of the creditor, or the maturing of the debt or demand aforesaid." In the light of all of its provisions we agree with the learned judge of the court below that the act relates to the distribution of the estate of a decedent by the executor or administrator. The promise sued on was not so given. The distribution of the decedent's estate had taken place a long time before the date of the receipt. Under the will Vernon Fahnestock became entitled to one-sixth of the residuary estate and this he received from the executors and had exercised control over it for many years. It was impressed with a trust to be sure, but the administration of the trust was vested in Vernon Fahnestock. It was to him the cestuis que trustent were to look for their share of the fund. When the defendant, therefore, gave her receipt to the trustee she was not dealing with executor or administrator. She was not taking part in the distribution or partition of the estate. She was accepting

from the trustee, to whom the fund was bequeathed, a share to which, it was believed, she was entitled. They were dealing with what had been separated from the estate of the testator long since through the payment made by the executors to the trustee. After that date the executors had no concern with the control of the fund. The trustee was solely responsible for its administration. Whatever the obligation may be called it was not, therefore, given on the distribution or partition of the decedent's estate. Its purpose was to make the trustee secure in the event that it should be finally determined that the Safe Deposit and Trust Company rather than the defendant was to receive the money. The ownership of the fund was not affected thereby, but the custody merely. She accepted payment from the trustee with a knowledge that it was uncertain whether the payment should be made by the latter to her or to the trust company and the promise was wholly independent of the distribution of an estate.

The affidavit did not disclose an available defense therefore, and the judgment is affirmed.