## Butz & Clader v. United States Metal Products Company and Massachusetts Bonding and Insurance Company, Appellant.

*Contracts—Suretyship—Construction—Execution of bond prior to execution of contract.*

1. Contracts of suretyship by bonding companies are to be construed most strictly in favor of the obligee.

2. The mere fact that a surety bond, conditioned for the faithful performance of a contract was executed prior to the execution of the contract, is not sufficient to discharge the surety, in the absence of evidence to show that the financial condition of the principal became worse by the time of the execution of the contract, or that it sustained any loss by reason of the delay.

Argued April 19, 1916. Appeal, No. 51, Jan. T., 1916, by Massachusetts Bonding and Insurance Company, from judgment of C. P. Lehigh Co., Sept. T., 1915, No. 37, on verdict for plaintiff in case of Solomon Butz and George H. Clader, Partners, trading under the name of Butz & Clader, v. United States Metal Products Company, a Massachusetts Corporation, and Massachusetts Bonding and Insurance Company, a Massachusetts Corporation. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a bond. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500 and judgment thereon. Massachusetts Bonding and Insurance Company appealed.

*Errors assigned* were rulings on evidence, answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Murdoch Kendrick,* with him *Joseph J. Tunney* and *George W. Aubrey,* for appellant.

*Frank Jacobs,* with him *A. W. Hagenbach,* for appellee.

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

This is an action on a surety company bond. In 1914 plaintiffs had the contract for erecting an addition to the Lehigh County court house, and let a subcontract, amounting to $22,000, to the United States Metal Products Company. Said subcontract was reduced to writing, early in September of that year, but not then executed. It specifies that, "The contractors shall furnish a satisfactory bond of a surety company to the owners in the sum of $11,000 for the faithful performance of the contract." A duplicate copy of the contract and its accompanying specifications were given the Massachusetts Bonding and Insurance Company; and, on Sept. 8, 1914, it joined the subcontractor in executing to plaintiffs the bond in suit, conditioned for the faithful performance of the contract, which was referred to in said bond as "a written contract dated September —, 1914." When executed the bond was delivered to the agent of the subcontractor for the purpose of delivery to plaintiffs.

The bonding company then knew that said contract had not been executed and stipulated no time for its execution or for the delivery of the bond to plaintiffs.

On October 22, 1914, the blank in the date of the contract was filled in as of Sept. 5, 1914, and the contract was then executed and together with said bond delivered to plaintiffs.

Thereafter said subcontractor, United States Metal Products Company, failed, and never performed the con-

tract or attempted to do so; and plaintiffs were compelled to relet the same at an extra cost of $3,500, to recover which this suit was brought.

The bonding company took no steps to ascertain the whereabouts of said bond, or to recall the same, until after the failure of the said contractor some months subsequent to the execution of the bond. The surety failed to prove that the financial condition of the principal was worse in October than in September, 1914, or that it sustained any loss by the delay in the execution of said contract. The jury found for the plaintiffs, on which judgment was entered.

The expressed intent of the bond is to "indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract."

The bond made Sept. 8, 1914, refers to and identifies this particular contract, which the officers of the bonding company knew had not then been signed. Its execution and delivery with the bond to plaintiffs in October was not an unreasonable delay, as there was no stipulation that it must be done in September. There was no change whatever made in the bond and none in the contract, except inserting the "5th," so that the contract as executed purports to have been made the 5th day of September, 1914, instead of the — day of September, 1914, which we regard as immaterial.

The bond was delivered to plaintiffs for the purpose for which it was executed; and no reason is shown to relieve the surety thereon from liability.

We agree with the court below that "Under the principle as laid down in Young v. American Bonding Co. of Balto., 228 Pa. 373, and followed in Philadelphia, to use, v. Fidelity & Deposit Co. of Maryland, 231 Pa. 211, contracts of this nature should be construed most strictly in favor of the obligee. To release the surety, there must have been some substantial change in the terms of the contract. There was no evidence that in the period between

the signing of the bond and the execution of the contract by the plaintiffs there was any material difference in the financial condition of the United States Metal Products Company. The defendant's surety depends entirely upon the theory of what might have been. As before stated it delivered the executed bond without any stipulation. The contract was executed within a reasonable time and in the absence of any evidence that the said Massachusetts Bonding and Insurance Company was injured by the contract not having been executed in September, it was liable for the damage suffered by the plaintiff": see also Brown v. Title Guaranty & Surety Co., 232 Pa. 337.

It is not deemed necessary to discuss in detail the various assignments of error; in our opinion under the facts of this case none of them should be sustained.

The judgment is affirmed.