## South Phila. State Bank etc., Appellant, *v.* National Surety Co.

*Principal and surety—Indemnity bond—Covenants—Obligation.*

1. A covenant of indemnity in an application for a bond of suretyship, is the obligation of the party who made the application, and not of the obligee in the bond.

*Banks and banking—Insolvency—Set-off—Debtor of bank—Accounting.*

2. A debtor of an insolvent banking institution cannot set off a claim which arose in connection with the failure, or subsequent thereto; but a claim which existed prior to that date can be used in determining what is the actual debt due to the bank.

3. A claim which arose in connection with the failure of a bank, or subsequent thereto, can only be presented on settlement of the account of the secretary of banking, who is in charge of the bank.

*Principal and surety—Indemnity bond — Insurance — Corporations.*

4. A corporation engaged in furnishing surety bonds for a money consideration, is in law an insurance company, and must be treated as such, in determining questions regarding its liability to the obligees in such bonds.

*Equity—Subrogation—When allowed.*

5. Subrogation is a matter of pure equity, and is never allowed when inequity would result.

Argued December 3, 1926.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 316, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1925, No. 10531, for defendant on the record, in case of South Philadelphia State Bank in possession of Peter G. Cameron, Secretary of Banking of the Commonwealth of Pennsylvania, v. National Surety Co. Reversed.

Assumpsit on bond of indemnity. Before LEWIS, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on the record. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Albert S. C. Millar,* for appellant.—A set-off must present a complete and instantly available cause of action: Becker's Est., 166 Pa. 313; State Mutual Fire Ins. Co. v. Keefer, 9 Pa. Superior Ct. 186; Connor v. Schildt, 16 Pa. Superior Ct. 88; U. S. F. & G. Co. v. Wooldridge, 268 U. S. 234; Oyster v. Short, 177 Pa. 589; Hunter v. Henning, 259 Pa. 347; Hibert v. Lang, 165 Pa. 439.

Assuming the right of priority or preference to exist in the Commonwealth no one but the Commonwealth can assert it and no surety has a right to protest if the Commonwealth does not choose to assert it: Commissioner of Banking v. Bank, 161 Michigan 691.

*J. N. Ewing,* of *Saul, Ewing, Remick & Saul,* with him *Earl G. Harrison,* for appellee.—Appellee's set-off is good under the Practice Act: Jack v. Klepser, 196 Pa. 187; Skiles v. Houston, 110 Pa. 254; Jordan v. Sharlock, 84 Pa. 366; Fisher v. Davis, 278 Pa. 129.

It was not the payment of the Commonwealth's claim that gave rise to defendant's right of set-off; it had that right by virtue (1) of the contract between it and the bank as contained in the latter's application for the de-

pository bond and (2) of its position as surety for the bank. The situation is controlled by the Pennsylvania authorities and they are liberal in permitting set-offs: Beaver v. Beaver, 23 Pa. 167; Craighead v. Swartz, 219 Pa. 149.

Even if we consider that the claim of defendant embraced in its set-off did not arise until payment of the Commonwealth's claim, its right of subrogation resulting therefrom related back to the time its obligation as surety was first incurred, that is, the date of the execution and delivery of the bond to the obligee: Prairie State Bank v. United States, 164 U. S. 227; Miller v. Kreiter, 76 Pa. 78; Thompson v. McClelland, 29 Pa. 475; Kellett v. Freeman, 19 Pa. Superior Ct. 155; Wells v. Phila., 270 Pa. 42.

The set-off was properly allowed, since the defendant was subrogated to the rights of the Commonwealth, including any rights of priority; the Commonwealth was entitled to priority over other depositors and creditors of the bank and it is admitted there are sufficient assets to pay in full such a preferred claim; there is, therefore, no hardship on other creditors: Booth & Flinn v. Miller, 237 Pa. 297; Marshall v. New York, 254 U. S. 380.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1927:

The South Philadelphia State Bank applied for and obtained from defendant, the National Surety Company, a bond in the sum of $50,000, insuring the bank against loss by reason of the dishonesty of its employees. Later it applied for and obtained from the defendant another bond, in the sum of $10,000, in favor of the Commonwealth, insuring the latter that its deposits with the bank would be repaid. The Commonwealth had nothing to do with the application for the latter bond; the bank alone made it, and stipulated therein to indemnify defendant and save it harmless from all loss which could arise by reason thereof. Defendant's business is the furnishing of surety bonds, upon the payment of stipu-

lated premiums, and, in the case of each of those above specified, it received from the bank the premium required.

Through the dishonesty of certain of its employees, the bank suffered a loss far in excess of the $50,000 fidelity bond. By reason thereof, it became insolvent and it and its assets were taken over by the Secretary of Banking of the Commonwealth, as provided by section 21 of the Banking Act of June 15, 1923, P. L. 809, 819. Defendant thereupon paid to the Commonwealth $10,000, the amount of its deposit with the bank, and the then state treasurer gave to defendant an assignment of what had been the Commonwealth's claim against the bank, by reason of the deposit. It is at least gravely doubtful whether the state treasurer had any legal right to make the assignment, but we need not consider the matter, since defendant expressly admits, in its brief, that the fact "is immaterial and has no effect upon the right of set-off" allowed by the court below in this case.

Upon demand made, defendant promised to pay the secretary of banking the amount of the $50,000 fidelity bond, but failed to do it, whereupon he brought the present suit. Defendant then paid $40,000, and claimed that it was entitled to a set-off, to the extent of the $10,-000 it had paid to the Commonwealth, alleging that there were "sufficient funds in the hands of the plaintiff [the Secretary of Banking] to pay the claim of the Commonwealth in full." There was no averment that, on settlement of plaintiff's account, as required by the statute, there would, after paying the necessary expenses of the proceedings, still be enough on hand to repay the amount paid by defendant to the Commonwealth. The parties agreed that "no question of fact exists which calls for a trial by jury as respects said set-off," and asked the court below, on the record as then made up, to "enter a final judgment" in favor of one of the parties.

This it did by entering judgment for defendant, and therefrom plaintiff prosecuted the present appeal.

In this court, defendant bases its defense upon two grounds: (1) The covenant of indemnity appearing in the bank's application for the $10,000 bond; and (2) Defendant's alleged common law right to be subrogated to the claim of the Commonwealth, to the extent of the deposit which it, defendant, made good.

As to the first of these contentions, it is sufficient to say it probably would not have been made, had the two bonds and the two contentions been treated as separate and distinct each from the other, as in fact and law they were. The covenant of indemnity set forth in the application, was an obligation of the bank and not of the Commonwealth, and a recovery thereon would have resulted only in a general judgment against the bank. Such a judgment would not have affected, however, the preference given to depositors by section 28 of the Act of May 13, 1876, P. L. 161, 170, since it would not have been a judgment for a deposit, but for a breach of covenant. It needs no argument to show that, as well before as after such a judgment, defendant could not use it as a set-off, since it cannot be known, until distribution is ordered of the funds in the hands of the secretary, in the way and at the time prescribed by the statute, whether or not there will be anything applicable on account of defendant's claim under the covenant of indemnity. Certainly this record discloses nothing on the point.

Has defendant a common law right of subrogation, which gives to it a claim preferred over all others, to the extent of the Commonwealth's deposit, which defendant paid? For the reason already suggested, we do not propose to decide that question at this time. We do not know, by this record, what will be the net balance for distribution after the secretary's account has been filed, and the just debits and credits settled by the court,— whether it will be as much, or more, or less than the $10,000 sought to be set off. In view of the elaborate

statutory provisions regarding the collection and dis-
bursement of the assets of such banks, as set forth in the
Banking Act of 1923, supra, a set-off cannot be allowed,
as against a claim admittedly payable to the secretary,
if the alleged right of set-off arises in connection with
the cause of the failure, or subsequent thereto. Fisher,
Commissioner of Banking, v. Davis, 278 Pa. 129, does
not decide it could be allowed under such circumstances.
There the set-off existed long before the failure, and
we simply decided that only the net balance due, at the
time of the failure, could be claimed by the commis-
sioner. Here, however, defendant's right arose sub-
sequent to the failure, and hence its claim must be
presented at the time and in the way prescribed by the
statute, exactly as the Commonwealth would have had to
present it if the amount of the deposit was still due to
it. By payment to the Commonwealth, defendant did
not acquire, either expressly or by implication, a greater
or a higher right than the Commonwealth herself had.

What we have said above, obviates the necessity for
now considering the able opinion of the court below
and the astute arguments of counsel at the bar of this
court. As, however, we are satisfied that there are other
considerations than those expressed therein, which are
important and may be controlling, we have concluded
to call attention to them briefly, so that, when the ques-
tion is properly before the court, we may have the aid
which such counsel can always give. These matters are
not necessarily exclusive of those set forth in the exist-
ing briefs, but are presented as additional considerations
to be properly weighed when the question involved is to
be finally decided.

The relation between the Commonwealth and defend-
ant was not that of principal and surety in the ordinary
sense of those terms, but that of insurer and insured.
We said in Young v. American Bonding Co., 228 Pa. 373,
379: "In all essential particulars the appellee here is an
insurance company, and its obligation in this particular

instance was that of an insurer. It was paid for its undertaking; the amount of its compensation being based on the calculation of risk assumed. The trend of all our modern decisions, federal and state, is to distinguish between individual and corporate suretyship where the latter is an undertaking for money consideration by a company chartered for the conduct of such business......While such corporations may call themselves 'surety companies' their business is in all essential particulars that of insurance. Their contracts are usually in the terms prescribed by themselves, and should be construed most strictly in favor of the obligee: 32 Cyc., p. 306, and the authorities there cited in support." This statement has been approved in Phila. v. Fidelity & Deposit Co., 231 Pa. 208; Brown v. Title Guaranty & Surety Co., 232 Pa. 337, 341; Butz & Clader v. U. S. Metal Products Co., 255 Pa. 53; Phila. v. Ray, Receiver, et al., 266 Pa. 345; Donaldson v. Hartford Accident & Indemnity Co., 269 Pa. 456; and Sokoloff v. The Fidelity & Casualty Co. of New York, 288 Pa. 211.

It must always be remembered, also, that the bank, and not the Commonwealth, applied for the $10,000 bond. All the covenants and agreements set forth in that application are the covenants and agreements of the bank only. The provisions for indemnification and subrogation appearing therein are the bank's and not the Commonwealth's; the subrogation growing thereout must, therefore, be of the bank's rights or remedies against third parties, to wit, the wrongdoers who caused the loss. So, also, the clause in the application which stipulated that defendant should "have every right and remedy which the individual surety acting without compensation would have," can only refer to the rights and remedies of the bank. Whether defendant acquired any right of subrogation, except to the extent specifically provided for in the application, is the real question to be decided on the adjudication of the secretary's account.

Subrogation is not a matter of right, but of pure equity, and is never allowed when inequity would result: Gring's App., 89 Pa. 336; Forest Oil Co.'s Apps., 118 Pa. 139, 145. Here defendant was paid a premium on $60,000 of insurance, and seeks, through subrogation, to escape liability beyond $50,000, though the actual loss exceeded twice that amount. According to defendant's theory, had the Commonwealth's deposit been $50,000, and the fidelity bond remained $50,000, then defendant would have received a premium for $100,000 of insurance and could never have been ultimately liable in excess of $50,000, unless the failure of the bank had been practically total, leaving little or nothing for the preferred depositors. The difference between this assumed case and the present is one of degree only, and not of kind. Surely neither of the parties could have thought, when the second bond of $10,000 was given, that payment under it would defeat pro tanto a claim on the earlier bond of $50,000, should the bank be looted by the employees whose fidelity was insured: see Annotated Cases 1917 B., page 1137, note; Annotated Cases 1918 A, page 834, note.

In conclusion we decide that the court below erred in entering judgment for defendant on this record; and, as the parties have stipulated for a final judgment, we reverse and enter judgment for plaintiff, but without prejudice to defendant's right to present its claim on the settlement of the account of the secretary of banking.

The judgment of the court below is reversed and judgment is here entered for plaintiff, for the amount of $10,000 still unpaid with interest; but without prejudice to defendant's right to present its claim on the settlement of the account of the secretary of banking.