# Sokoloff *v.* Fidelity & Casualty Co. of New York, Appellant.

*Principal and surety — Surety companies — Surety for hire — Strict construction of contract—Liability—Evidence—Promissory notes—Letters—Course of business—Other notes—Estoppel.*

1. Where a corporation engages in the business of becoming surety for hire, it can be relieved from its obligations of suretyship only where a departure from its obligations is shown to be a material variance.

2. In an action on a bond, where it appears that the bond was given by a surety company to secure twelve separate notes, but that plaintiff, the obligee, actually received only one note aggregating the amount of the twelve set forth in the bond, plaintiff is entitled to recover, if it appears that the payments intended to be secured by the bond were those set forth in the note plaintiff received.

3. The mere form of the primary obligation which defendant undertook to make good to plaintiff was of no consequence as affecting defendant's liability.

4. In such a suit it is proper to admit in evidence letters between defendant and a third party, showing a recognition of liability by defendant on other and similar notes under a bond of like tenor to that in suit.

5. Sureties are estopped to deny the facts recited in the obligations signed by them, and this, whether the recitals are true or false in fact. Having once solemnly alleged the existence of the facts, they cannot afterwards be heard to deny them.

Argued December 6, 1926.   Before MOSCHZISKER, C. J., SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 272, Jan. T., 1926, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1925, No. 12970, on verdict for plaintiff, in case of Isaac Sokoloff v. Fidelity & Casualty Co. of New York.   Affirmed.

Assumpsit on bond of indemnity.   Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*John P. Connelly,* for appellant.—The bond does not cover the note: Home Ins. Co. v. Warehouse Co., 93 U. S. 527; Richards v. Shipley, 257 Pa. 134; Warner Gear Co. v. Bergdoll, 253 Pa. 164; Nazareth Foundry Co. v. Marshall Co., 258 Pa. 558; Am. Tel. Co. v. Lenning, 139 Pa. 594.

Valid endorsement of the note by Commercial Acceptance Corporation was not shown: Pittsburgh Coal Co. v. Foster, 59 Pa. 365.

*George J. Edwards, Jr.,* for appellee.—A surety for profit is liable upon its bond when the contract to secure performance of which it was given differs in form but is identical in substance, with the description of it contained in the bond: Young v. Bonding Co., 228 Pa. 373; Phila. v. Fidelity & Deposit Co., 231 Pa. 208, 211; Brown v. Title G. & S. Co., 232 Pa. 337, 341; Donaldson v. Hartford Accident & Indemnity Co., 269 Pa. 456;

Butz Metal P. Co. v. Bonding & Ins. Co, **255 Pa. 53**; Phila. v. Ray, 266 Pa. 345.

Where the bond of a surety for profit recites material facts showing consummation of the transaction secured by it, the surety, in an action on the bond, is estopped to deny such facts.

Where a surety company and the party whose undertaking is guaranteed by it have received and retained the full benefits of their respective transactions, the surety, in an action on the bond, may not question the authority of the persons who consummated the undertaking guaranteed, or the validity of the instrument to secure performance of which its bond was issued: Scouton v. Lumber Co., 261 Pa. 241; Presbyterian Board v. Gilbee, 212 Pa. 310; McBride v. Paper Co., 263 Pa. 345; Lemmon v. Rubber Co., 260 Pa. 28; Donaldson v. Ins. Co., 269 Pa. 456; McEvoy v. Samuels & Sons, Inc., 277 Pa. 370.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1927:

Sokoloff, the plaintiff, purchased certain promissory notes, among them the one here involved, from Commercial Acceptance Corporation, whose business speaking in general terms was the financing of persons who bought automobiles on the installment plan. Accompanying the notes, and as the security on which his purchase was made, was the bond in suit in the following terms: "The Fidelity and Casualty Company of New York..... does hereby indemnify I. Sokoloff (hereinafter referred to as the obligee) against any and all loss by reason of the failure of the Commercial Acceptance Corporation (hereinafter referred to as the endorser), to make good within thirty days of maturity any default on the part of the maker of any of the promissory notes hereinafter described; it being understood a loss shall be deemed to have occurred upon the default in the payment of a note within thirty days after its maturity, and the amount of such loss shall be deemed to be the amount due on such

note; and it being further understood that all such notes were endorsed by the endorser and had been discounted by the obligee, all of such notes being made by Joseph L. Mazza and or Commercial Acceptance Corporation and dated the 5th day of August, 1924." Then follows a list of twelve notes, each for $321.62, with the dates of their maturity.

Plaintiff did not receive twelve notes, only one was delivered to him aggregating the amount of the twelve set forth in the bond. In form the note was as follows: "$3,859.48 Philadelphia, Penna., August 5, 1924. After date, I, we, or either of us promise to pay to Commercial Acceptance Corporation, or order, at the time or times as set forth in the schedule of payments in the margin hereof three thousand eight hundred fifty-nine dollars and 48/100 dollars with interest from maturity at the highest lawful rate, without defalcation, for value received" etc., signed Joseph L. Mazza and endorsed by the Commercial Acceptance Corporation. On the margin of the note was set out a schedule of twelve payments, the dates thereon corresponding to the due dates of the twelve notes appearing in the bond. Four installment payments on the note were made to plaintiff and default occurring in the payment of the others, this action was brought on the bond.

On the trial the learned judge of the court below directed a verdict in plaintiff's favor for the amount of his claim. This appeal by defendant is from the judgment on the verdict.

Liability is denied in the first instance on the ground that the bond was given to cover twelve separate notes, whereas plaintiff presents as the foundation of his claim but one note. The court below held that the mere form of the primary obligation which defendant undertook to make good to plaintiff was of no consequence as affecting defendant's liability. In so deciding the court was correct. It is manifest that the payments intended to be secured by the bond were those set forth in the note

plaintiff received. Whether they were in the form of one note or twelve can make no difference unless plaintiff received twelve other notes executed by the same maker, which he did not. The bond was drawn to plaintiff and if there were twelve other notes and they were negotiated elsewhere, this would not prejudice appellant, the bond not being one of general guaranty to any one who might hold the notes, but a personal covenant to plaintiff. Appellant's counsel on this branch of his argument relies largely on Burdett v. Walsh, 126 N. E. Repr. 374, but there is an at once observable difference between that case and this one. There the bond was given to secure a note and no note was given. Here the note as given comported in every way with the liability assumed by the surety in amount, times of payment and other conditions.

Certain kinds of sureties are favorites of the law, but not necessarily such as defendant. It was a surety for hire; not only was it paid for its assumption of liability, but in addition it received from the Acceptance Corporation ten per cent of the amount of all bonds which it executed for the former and on trial admitted that it had in its hands a sum of money in excess of the amount claimed in this action.

We have not departed from the principle laid down in Young v. American Bonding Co., 228 Pa. 373, 380: "The trend of all our modern decisions, federal and state, is to distinguish between individual and corporate suretyship where the latter is an undertaking for money consideration by a company chartered for the conduct of such business. In the one case the rule of strictissimi juris prevails, as it always has; with respect to the other, because it is essentially an insurance against risk, underwritten for a money consideration by a corporation adopting such business for its own profit, the courts generally hold that such a company can be relieved from its obligation for suretyship only where a departure from the contract is shown to be a material variance."

The principle announced in this case has been recognized in many others; in Butz & Clader v. U. S. Metal Products Co. et al., 255 Pa. 53, 55, we said, "To release the surety there must have been some substantial change in the terms of the contract," and in Phila. v. Ray, 266 Pa. 345, that "it must prove that the change was material and prejudicial." See also, M. E. Church of Franklin v. Equitable Surety Co., 269 Pa. 411; Donaldson v. Hartford A. & I. Co., 269 Pa. 456, 463; South Phila. State Bank v. National Surety Co., 288 Pa. 300.

Complaint is made that letters between appellant and a third person, the Tradesman's National Bank, were admitted in evidence the purport of which was to show a recognition of liability by defendant on other and similar notes under a bond of like tenor to that here in suit. The letter from the bank to defendant said that the plaintiff "I. Sokoloff has left with us a number of bonds executed by your company covering obligations of the Commercial Acceptance Corporation; . . . . . . in the body of the bond you list certain notes. It appears to us, however, that the listing of the notes does not correspond with the actual obligations. For example, on your bond No. 1025580 you list six notes maturing at different intervals, whereas the obligation . . . . . is in the form of one note only, . . . . . . this note being payable in installments as scheduled on the side of the note. We assume it is your desire to cover the payment of the note as given." To which defendant replied that the assumption was correct. This correspondence stating as it does appellant's attitude as to similar transactions with plaintiff was properly admitted in evidence.

Another contention made by appellant is that the bond provided, as conditions precedent to liability, that the note must be shown to have been made by its maker and to have been validly endorsed by the Commercial Acceptance Corporation and discounted by appellees. The evidence threw doubt on the genuineness of the maker's signature and did not fully establish the validity of the

endorsement. Under the terms of the bond no proof of the genuineness of these matters were required. It set forth "it being understood that all such notes were endorsed by the endorser and had been discounted by the obligee, all of such notes being made by Joseph L. Mazza and or Commercial Acceptance Corporation." These were not conditions precedent as argued by appellant, but representations of the genuineness of the paper which appellant cannot now deny. "The general rule is that sureties are estopped to deny the facts recited in the obligations signed by them, and this whether the recitals are true or false in fact. Having once solemnly alleged the existence of the facts, they cannot afterwards be heard to deny it": 1 Brandt on Suretyship & Guaranty, 3d ed., section 52; 4 Ruling Case Law, section 34, p. 67; 10 Ruling Case Law, section 120, p. 812; Jefferson v. McCarthy, 44 Minn. 26; Gray v. State ex rel. Mills, 78 Ind. 68, 41 Amer. Reps. 545; State v. U. S. Fidelity & Guaranty Co., 81 Kan. 660, 26 L. R. A. (N. S.) 864; People v. Huson, 78 Cal. 154; Brockway v. Petted, 79 Mich. 620, 7 L. R. A. 740; Hall v. Brackett, 62 N. H. 509, 13 A. S. R. 588.

In the view we have taken of the main questions raised, the other and minor ones become inconsequential.

The assignments of error are all overruled and the judgment is affirmed.