## Pyles, Executrix, v. Fidelity & Deposit Company of Maryland

*Ames, Vale & Biddle,* for plaintiff; *J. P. McKeehan,* for defendant.

Reese, P. J., July 13, 1934.—This is an action of assumpsit upon a bond on which the defendant company appears as surety. The facts, as set forth in the plaintiff's statement, are briefly as follows: Frank C. Bosler died Novem-

ber 25, 1918, and letters testamentary were issued to his widow, Hannah Elizabeth Bosler, who was also residuary legatee under his will. In his lifetime Mr. Bosler had, by written contracts of suretyship thereto attached, guaranteed payment of the principal and interest of certain bonds of Iron Mountain Ranch Company, a Wyoming corporation, which matured March 1, 1927. Some of these guaranteed bonds, aggregating $13,400, came into the possession of H. W. Pyles during his lifetime, and after his death formed part of the assets of his estate, of which his widow, plaintiff herein, is executrix.

In 1923, Mrs. Bosler, as executrix of the estate of her deceased husband, filed her second and final account, and an auditor was appointed by the orphans' court of this county to make distribution. The Pyles claim for $13,400, based on the aforementioned guaranty of bonds, was presented, acknowledged by Bosler's executrix, and allowed by the auditor as a valid claim. It appears from the auditor's report that most of the creditors of the Bosler estate entered into an agreement whereby the securities and distributable personal estate of the decedent were to be awarded intact to the widow and residuary legatee, who in turn was to assign the same to a corporation to be erected, which should thereupon issue its obligations to the creditors of the Bosler estate. Mrs. Pyles did not accede to this arrangement, and filed exceptions to the auditor's report awarding the distributable personal estate intact to Mrs. Bosler as residuary legatee.

Thereafter, with the approval of the orphans' court, the bond, which is the basis of the present action, was executed with Mrs. Bosler and the proposed corporation as principals and the defendant company herein as surety, in the sum of $13,400, the amount of the Pyles claim. Thereupon Mrs. Pyles withdrew her exceptions to the auditor's report, which was confirmed by the orphans' court. The condition of the foregoing bond, in which Mrs. Pyles, as executrix, is obligee, is that "in the event that Iron Mountain Ranch Company, obligor in said guaranteed bonds, shall fail to make payment of the principal and interest of said bonds as the same become due and payable, and the liability of the estate of Frank C. Bosler on the said guaranty shall be duly established by action against the personal representative of Frank C. Bosler, deceased, or otherwise be duly made to appear, then and in such case, if said Hannah Elizabeth S. Bosler shall refund the said sum of $13,400 or such ratable part thereof as may be necessary for the payment of the liability of the estate of Frank C. Bosler, deceased, established as aforesaid, then this obligation shall be void and of no effect, or else shall be and remain in full force and virtue."

On March 1, 1927, there was a default in the payment of Iron Mountain Ranch Company's bonds, guaranteed by Mr. Bosler, and after demand upon the latter's executrix the present plaintiff instituted an action in this court against Mrs. Bosler as executrix and individually as residuary devisee, and ultimately on February 2, 1933, recovered judgment against her as executrix in the sum of $19,381, and against her as residuary devisee in the sum of $18,962.55, which was later, on January 30, 1934, affirmed by the Supreme Court in 313 Pa. 548. The present action was brought on April 14, 1934.

The defendant filed an affidavit of defense alleging new matter, which interposes as a defense that the present action is barred by section 50 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, which provides: "In all cases where refunding bonds shall be given upon the distribution of the estate of any decedent, no action or suit thereon shall be brought after the expiration of six years from the date of such bond. . . ." The plaintiff thereupon entered a rule for judgment for want of a sufficient affidavit of defense and filed a reply or answer

to the new matter, setting forth that the statute relied upon by the defendant does not apply to the bond upon which this action is brought.

The defendant strongly insists that the plaintiff has not properly raised the legal sufficiency of the defense alleged in the new matter, contending that where in an affidavit of defense a defendant alleges a counterclaim, set-off, or new matter, the proper procedure by which the plaintiff may raise the question as to the sufficiency thereof as a matter of law is by filing a reply thereto raising questions of law and not by entering a rule for judgment for want of a sufficient affidavit of defense. While this may be a well-founded contention, and therefore the plaintiff's rule for judgment for want of a sufficient affidavit of defense may not be the proper method by which to raise the question involved herein, the plaintiff, as pointed out, also filed an "answer" to the new matter, which, while perhaps not of the utmost perfection from the viewpoint of formality, does raise the question of the legal sufficiency of the defense of the statute of limitations in such a substantial manner that we may treat the so-called "answer" as a reply to the new matter raising a question of law. Certainly the parties regarded that question as having been substantially raised, for at the oral argument it was the one question which was seriously discussed and, in our opinion, the vital question in the case. If we refused to consider that question at this stage of the proceedings, we feel confident that the same question would be the controlling one subsequently on a motion for judgment n. o. v. or on some similar motion, and therefore, to expedite the matter, we shall consider it at this time and upon the present pleadings.

We must therefore determine whether section 50(b) of the Fiduciaries Act of 1917 applies to the bond on which the present suit is brought. In the determination of this question, any doubt which may arise in the interpretation or construction of the bond must be resolved against the defendant company and in favor of the obligee. A corporate surety is paid for its undertaking and "the trend of all modern decisions, federal and state, is to distinguish between individual and corporate suretyship where the latter is an undertaking for money consideration by a company chartered for the conduct of such business. . . . While such corporations may call themselves 'surety companies' their business is in all essential particulars that of insurance. Their contracts are usually in the terms prescribed by themselves, and should be construed most strictly in favor of the obligee": South Philadelphia State Bank, etc., v. National Surety Co., 288 Pa. 300, 306; Young v. American Bonding Co. of Baltimore, 228 Pa. 373, 379; Philadelphia, to use, v. Fidelity & Deposit Co. of Md., 231 Pa. 208; Brown v. Title Guaranty & Surety Co., 232 Pa. 337, 341; Butz & Clader v. U. S. Metal Products Co. et al., 255 Pa. 53, 55; Philadelphia v. Ray, Receiver, et al., 266 Pa. 345, 348; Donaldson v. Hartford Accident & Indemnity Co., 269 Pa. 456; Sokoloff v. Fidelity & Casualty Co. of N. Y., 288 Pa. 211, 215; Real Estate-Land Title & Trust Co. v. Lloyd Building Corp. et al., 306 Pa. 189, 193.

We have concluded that the bond in the instant case is not a "refunding bond" within section 50(b) of the Fiduciaries Act of 1917, supra, nor do we think that it is the type of bond to which the legislature intended that statute to apply. A careful study of our decisions involving "refunding bonds" discloses that when a refunding bond has been given upon the distribution of an estate, it was given by a distributee for the protection of the executor or administrator, as obligee, who had made voluntary distribution, rather than upon distribution by the court or an auditor, before the expiration of the time within which creditors might present claims. To such creditors as might present claims after such a distribution, the fiduciary would be personally liable unless

he took from the distributee a refunding bond for his own protection. See 24 C. J. 477-481, secs. 1295-1304; Jones' Appeal, 99 Pa. 124; Rastaetter's Estate, 15 Pa. Superior Ct. 549. We think that the statute applies only to such bonds.

The bond in the present case is not such a bond and is dissimilar to a "refunding bond" in many respects. The bond herein was given to protect a creditor, the plaintiff herein, who was named as obligee. In a refunding bond, the fiduciary who is making distribution is named as obligee, as appears in the forms of bonds in the decisions and in the suggested form found in the text-books, old and new. The purpose of a refunding bond is to protect the fiduciary against creditors whose identity or claims and the amount thereof are not then known. The purpose of the bond herein was to protect a particular creditor whose claim had already been presented and allowed in a fixed amount, and to induce her to withdraw her exceptions to an award by an auditor of the entire balance to the residuary legatee and thus assure the consummation of a plan whereby the residuary legatee, acting as a mere conduit, should assign the assets of the estate to a corporation whose obligations should be issued to the creditors of the estate. A refunding bond is given by a distributee in order that he may receive and enjoy his distributive share; the bond herein was given by the nominal distributee and her corporate assignee in order that an arrangement with the creditors might be carried out. A refunding bond is taken by an executor or administrator who makes voluntary distribution and who does not await distribution by the court or an auditor. The bond herein was given after an auditor had awarded distribution, which, after the execution of the bond, was confirmed by the court. The bond herein is not a "refunding bond" but is an indemnity bond given for the protection of a creditor.

The bond itself provides how and when the extent of liability of the defendant company is to be determined before the obligation of the bond becomes effective. It provides that the extent of the liability is to be fixed by an action against the personal representative of Frank C. Bosler. That action was brought, and ultimately judgment for the plaintiff therein was obtained and affirmed by the Supreme Court, and in less than 2 months thereafter the present action was brought. It may well be that the foregoing provision of the bond, which is not found in the usual "refunding bond", may be regarded as a waiver by the obligors of the provisions of the statute in question, even were we to assume that the statute was otherwise applicable to the bond.

That the courts regard the statute as applicable only to the type of bond which may properly be called a refunding bond is indicated in Fahnestock v. Boyd, 62 Pa. Superior Ct. 356. In that case, an executor, in accordance with the will of the decedent, paid over to a trustee a fund designated, and the trustee on the termination of the trust, being uncertain who was the proper recipient of the fund, took a bond from the one to whom he paid it. The court held that the Act of June 30, 1885, P. L. 203, the provisions of which are reënacted by section 50(b) of the Fiduciaries Act of 1917, supra, did not apply to the bond, because the act relates only to the distribution of the estate of a decedent by an executor or administrator and the refunding bond provided in case of such distribution. Similarly, we have concluded that a "refunding bond" within the statute is one given to and for the protection of an executor or administrator.

It therefore follows that the question of law as to legal sufficiency of the new matter alleged in the affidavit of defense must be decided against the defendant. Further, that part of the affidavit of defense, other than new matter, which answers the averments of the statement of claim contains nothing which would prevent judgment on the pleadings, for it admits all the material allegations of the statement. Hence, the rule for judgment for want of

a sufficient affidavit of defense must be made absolute, and, since the new matter is legally insufficient, judgment must be entered for the plaintiff.

But one question remains. The plaintiff claims interest from July 21, 1927, the date upon which she brought action against the estate and residuary devisee of Frank C. Bosler. But it was not until final judgment in that action and subsequent demand upon the defendant company herein that the latter became liable upon the bond upon which the present action is based. Judgment in the former action was affirmed by the Supreme Court on January 30, 1934, and demand for payment of the bond herein was admittedly made upon the defendant company on April 2, 1934. It is from this date that plaintiff is entitled to interest.

And now, July 13, 1934, the question of law as to the legal sufficiency of the new matter alleged in the affidavit of defense is decided against the defendant, the rule for judgment for want of a sufficient affidavit of defense is made absolute, and judgment is hereby entered in favor of the plaintiff and against the defendant in the sum of $13,400, with interest thereon from April 2, 1934.

From Francis B. Sellers, Carlisle, Pa.