## Federal Deposit Insurance

Saylor, Deputy Attorney General, September 26, 1934.—You have asked to be advised concerning the application of the laws of the Commonwealth to the provisions of the Federal Banking Act of June 16, 1933, 48 Stat. at L. 162, 168, relating to the insurance of deposits. You refer to various questions listed

in an inquiry made by general counsel for Federal Deposit Insurance Corporation. We shall state and answer these questions as follows:

I. Whether the laws of the State authorize or permit State banks, bank and trust companies, or mutual savings banks, organized or doing business under the laws of the State, to purchase class A stock of Federal Deposit Insurance Corporation and to assume the obligations incident to the ownership of such stock.

The Act of January 2, 1934, P. L. 128, amends section 1001 of the Banking Code of May 15, 1933, P. L. 624, by enlarging the general corporate powers granted to a bank and a bank and trust company to include the power:

"(16) To become a member of the Federal Deposit Insurance Corporation, in accordance with the provisions of the Federal Banking Act of one thousand nine hundred and thirty-three, approved the sixteenth day of June, one thousand nine hundred and thirty-three, its amendments and supplements, or of any other corporation hereafter organized by the United States for the purpose of insuring deposits in banks or bank and trust companies, and to purchase and hold so much of the capital of the Federal Deposit Insurance Corporation, or of such other corporation, as will qualitfy it for membership therein."

Therefore, the laws of Pennsylvania now specifically authorize State banks and bank and trust companies to purchase class A stock of Federal Deposit Insurance Corporation and to assume the obligations incident to the ownership of such stock.

A trust company under existing Pennsylvania law does not have the power to receive money on deposit, but is confined generally to the transaction of a safe deposit and fiduciary business. Prior to the passage of the Banking Code of 1933, which defined for the first time "a bank and trust company", the term "trust company" was usually applied either to institutions created by special act and given a variety of powers, including that of a bank and of a fiduciary, or to institutions created as title insurance companies under the Corporation Act of 1874 and later given by various acts the power to operate as banks and fiduciaries.

A bank and trust company, as it is now known, is a bank with the additional power of acting as a fiduciary.

Savings banks, with one exception, operate on the mutual principle. By virtue of the Act of January 2, 1934, P. L. 128, which amended section 1202 of the Banking Code, both mutual and stock companies are given the same power as banks and bank and trust companies to become members of Federal Deposit Insurance Corporation.

Accordingly, all State banks, bank and trust companies, and savings banks may purchase class A stock of the corporation and assume the obligations incident to ownership thereof, as now set forth in the act.

II. Whether the laws of the State authorize or permit Federal Deposit Insurance Corporation to be appointed receiver of a State bank, bank and trust company, or mutual savings bank, organized or doing business under the laws of the State, in the event the bank should be closed on account of inability to meet demands of its depositors.

Under the laws of Pennsylvania, only the Secretary of Banking may act as receiver of a State bank, bank and trust company, trust company, or savings bank organized or doing business under the laws of the State.

Sections 504 and 601 of the Department of Banking Code of May 15, 1933, P. L. 565, provide for the taking of possession of the business and property of an institution by the Secretary of Banking as receiver.

Section 606 provides that no court shall appoint anyone but the secretary as receiver of an institution. If proceedings are instituted in a court which shall

determine that a receiver should be appointed, the Secretary of Banking must be appointed as receiver.

It is our opinion, therefore, that under the express prohibitions of Pennsylvania law, Federal Deposit Insurance Corporation may not act as receiver of a State bank, bank and trust company, trust company, or savings bank of the Commonwealth of Pennsylvania.

III. In the event the law of the State does not permit the appointment of the corporation as receiver, how may the corporation be assured of the enjoyment of its right to receive dividends on the same basis as in the case of a closed National bank? Will such recognition (a) be accorded by State law; (b) be evidenced by the allowance of claims by appropriate State authority; (c) be effected by assignment of claims by depositors; or (d) be accorded by some other method? Recognition in one or more of the forms indicated must be accorded before the amount of insured deposit liabilities so recognized can be made available in a new bank.

Section 8 of the Federal Banking Act of June 16, 1933, c. 89, 48 Stat. at L. 162, 168, adds section 12(b) to the Federal Reserve Act. Clause (l) of section 12(b) provides, inter alia, as follows:

"Whenever any State member bank which is a class A stockholder of the Corporation shall have been closed by action of its board of directors or by the appropriate State authority, as the case may be, on account of inability to meet the demands of its depositors, and the applicable State law does not permit the appointment of the Corporation as receiver of such bank, the Corporation shall organize a new national bank, in accordance with the provisions of this subsection, to assume the insured deposit liabilities of such closed State member bank, to receive new deposits, and otherwise to perform temporarily the functions provided for in this subsection. Upon satisfactory recognition of the right of the Corporation to receive dividends on the same basis as in the case of a closed national bank under this subsection, such recognition being accorded by State law, by allowance of claims by the appropriate State authority, by assignment of claims by depositors, or by any other effective method, the Corporation shall make available to such new bank, in accordance with the provisions of this subsection, the amount of insured deposit liabilities as to which such recognition has been accorded; and such new bank shall assume such insured deposit liabilities and shall in other respects comply with the provisions of this subsection respecting new banks organized to assume insured deposit liabilities of closed national banks. In so far as possible in view of the applicable provisions of State law, the Corporation shall proceed with respect to the receiver of such closed bank and with respect to the new bank organized to assume its insured deposit liabilities in the manner prescribed by this subsection with respect to closed national banks and new banks organized to assume their insured deposit liabilities; except that the Corporation shall have none of the powers, duties, or responsibilities of a receiver with respect to the winding up of the affairs of such closed State member bank. The Corporation, in its discretion, however, may purchase and liquidate any or all of the assets of such bank."

There is no provision in Pennsylvania law giving to Federal Deposit Insurance Corporation the right to receive dividends on the same basis as in the case of a closed National bank. Pennsylvania law does not specifically authorize the Secretary of Banking as receiver of a closed State institution to allow payment to the corporation of depositors' claims.

Recognition of the corporation's right to receive dividends would be accorded in the following manner:

The State law provides a method by which depositors of a closed bank or bank and trust company may prove their claims: section 1002 of the Department of Banking Code of May 15, 1933, P. L. 565.

State law also provides that a depositor may assign his claim to another, subject to the provision, however, that unless assignments are received by the institution before it is taken in possession, they "shall be regarded as, and shall have only the legal incidents of, assignments made after the secretary takes possession": section 712(b) of the Department of Banking Code.

Therefore, under Pennsylvania law, the corporation may receive dividends from the Secretary of Banking as receiver of a closed bank or a bank and trust company by the simple expedient of receiving from all depositors to whom it makes any payment assignments in the amount of such payments.

The method of receiving assignments would seem to be the most expedient one. However, under the equitable doctrine of subrogation established by the case law, as distinguished from statutory law, the corporation would be entitled to all the rights of the depositor to the extent to which it had paid to him the amount of his deposit. Therefore, upon proof of its claim in the manner provided by the section of the Banking Code cited above governing proofs of claim, the corporation would be entitled to the dividends which would otherwise go to such depositors by virtue of deposits for which the corporation had already reimbursed them.

As was stated in South Philadelphia State Bank's Insolvency, 295 Pa. 433 (1929), where a deposit claim has been paid by another, the latter is entitled to stand in the shoes of the depositor, having acquired such right under the equitable doctrine of subrogation. See also South Philadelphia State Bank v. National Surety Co., 288 Pa. 300 (1927).

Under this principle, upon proper proof that Federal Deposit Insurance Corporation has, directly or through the instrumentality of a new National bank, paid all claims owing to depositors of a closed State institution, the corporation would be entitled to payment, up to 100 percent of its liabilities to depositors, out of the assets of the closed State institution in the hands of the Secretary of Banking after payment of administration expenses and certain other types of preferred claims. Federal Deposit Insurance Corporation will, of course, be entitled to the same preference over general creditors of the State bank as is accorded all depositors by State law.

In summary, we advise as follows:

I

The laws of Pennsylvania permit banks, bank and trust companies, and savings banks to purchase class A stock of Federal Deposit Insurance Corporation and to assume the obligations incident to the ownership thereof as now provided by law.

II

Pennsylvania law does not permit that corporation to act as receiver of such institutions.

III

In the event of failure of a Pennsylvania institution which is a member of the corporation, enjoyment by the corporation of the right to receive dividends would be dependent upon its becoming assignee of depositors or being subrogated to their rights by paying them the amount of their claims. The corporation would be entitled to receive the dividends of depositors when it had paid all or part of their deposits, to the extent of such payment, (a) by virtue of the

doctrine of subrogation, (*b*) by receiving written assignments from such depositors, and in either case, by proving their claims in the manner provided by the Banking Code.                                      From C. P. Addams, Harrisburg, Pa.